**James OREBAUGH, Appellant,**

v.

**Paul CASPARI; Walter Dickerman; Donna Kay Brown; Janet Schneider; Mary Francis; Mary Brundage; Ralph Caprano; Barry Dolan; Dick Moore, Appellees.**

**No. 89–2578EM.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 9, 1990.

Decided Aug. 7, 1990.

James Orebaugh, pro se.

No counsel filed for appellees.

Before MAGILL and BEAM, Circuit Judges, and HEANEY, Senior Circuit Judge.

PER CURIAM.

James Orebaugh, a Missouri prisoner, appeals the district court's [1] order dismissing as frivolous his pro se 42 U.S.C. § 1983 complaint against various prison officials. We affirm.

Orebaugh's complaint alleged the following. A correctional officer conducting a routine room search of Orebaugh's cell confiscated and destroyed various items Orebaugh had purchased from the prison canteen because they exceeded the number of items allowed in an inmate's cell by prison regulations. Orebaugh filed a grievance requesting that the prison credit his account with the money value of the confiscated items. The grievance was denied. On appeal, it was found that the confiscation was proper, but destruction of the items without first giving Orebaugh the opportunity to send them home was not. Orebaugh was given the opportunity to send home replacements for the destroyed items.[2] However, he continued to request money credit for the items, and on April 14, 1989, the matter was referred to the next tier of the grievance procedure.

On May 5, 1989, while he was on light duty because of an injury to his arm, Orebaugh was placed on three days room restriction for playing softball. This conduct violation was reported by the same officer who had confiscated Orebaugh's canteen items. According to the officer's violation report, "The nursing staff stated to this reporting officer that resident Orebaugh was disobeying a direct order given to him by the hospital." The hearing report indicates Orebaugh maintained that all he received was a light-duty order, which directed that he perform only light duty for three weeks and not "attend various activities and recreation." The disciplinary committee found Orebaugh guilty on the basis of the nursing staff member's statement and restricted him to his room. While so restricted, Orebaugh was disciplined for visiting another inmate and scuffling with him. For his actions, he received an additional five days room restriction.

Orebaugh's complaint claimed that: (1) his due process rights were violated by the destruction of his property, and by the guilty finding based only upon the testimony of the charging officer in the scuffling infraction; (2) the disciplinary action resulting from his playing softball violated due process because his light-duty hospital order did not specify he was restricted from playing sports; and (3) the disciplinary actions were instituted against him in retaliation for pursuing the prison grievance procedures regarding his confiscated property. He requested both that his disciplinary record be cleared, and that he be awarded money damages for the value of the confiscated items ($47.60) and his emotional suffering.

The district court, adopting the magistrate's [3] recommendation over Orebaugh's objections, found the complaint frivolous and dismissed the entire complaint pursuant to 28 U.S.C. § 1915(d) as legally frivolous. We find no error.

First, to the extent Orebaugh bases his claim on the unauthorized destruction of his property, we hold that there is no violation of due process because Missouri provides an adequate postdeprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 3203–04, 82 L.Ed.2d 393 (1984); *Maples v. United Savings & Loan Assoc.*, 686 S.W.2d 525, 527 (Mo.App. 1985).

Second, to the extent Orebaugh challenges the prison's policy of not crediting him with the value of the destroyed items, but only allowing him to send them (i.e., their replacements) home, it is his bur-

---

1. The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

2. The prison offered to pay for the replacements but insisted Orebaugh pay to ship them home.

3. The Honorable Robert D. Kingsland, United States Magistrate for the Eastern District of Missouri.

den to demonstrate that the policy is not reasonably related to a legitimate penological interest. *See Washington v. Harper,* —— U.S. ——, 110 S.Ct. 1028, 1037, 108 L.Ed.2d 178 (1990) (quoting *Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 2261–62, 96 L.Ed.2d 64 (1987)). He has not made such a showing. Therefore, we hold that the district court properly dismissed this claim as frivolous.

■ Third, we also agree with the district court that Orebaugh's challenge to the disciplinary action for scuffling was frivolous. One officer's testimony was sufficient to constitute some evidence. *See Brown v. Frey,* 807 F.2d 1407, 1414 (8th Cir.1986).

■ Fourth, there is also some evidence in the record to support the softball infraction. *See id.* Although the disciplinary committee stated that its finding was based on the statement of the unidentified nursing staff member, Orebaugh himself acknowledged that the lay-in order stated he could not attend recreational activities. Playing softball violated that order. While it is doubtful that the nurse's statement can, standing alone, constitute some evidence of Orebaugh's guilt, *see Freitas v. Auger,* 837 F.2d 806, 810 & n. 8 (8th Cir. 1988), his own admissions clearly constitute some evidence.

■ Finally, Orebaugh argues that both the softball and scuffling disciplinary actions were taken in retaliation for his filing and pursuing the grievance action. Although the district court did not directly consider his retaliation claim, the court's other conclusions enable us to dispose of this argument without remanding. We held in *Sprouse v. Babcock,* 870 F.2d 450 (8th Cir.1989), that otherwise proper acts are actionable under § 1983 if done in retaliation for filing a grievance pursuant to established prison procedures. *Id.* at 452. However, crucial to our holding in *Sprouse* was that the prisoner alleged that *false* disciplinary reports were filed against him in retaliation for his filing a grievance. *Id.* ("Sprouse's claims *based on the falsity of the charges* and the impropriety of [his counselor's] involvement in the grievance

procedure, standing alone, do not state constitutional claims. Here, however, these claims were linked to a retaliation claim.") (emphasis added) (citations omitted); *see also Franco v. Kelly,* 854 F.2d 584, 585, 589 (2d Cir.1988) (holding of retaliation based in part upon falsity of charges).

In this case, the disciplinary reports were true as found by the prison administration. Orebaugh admitted that he *did* play softball. Playing softball *did* constitute a violation of his light-duty orders. He *did* have canteen items in excess of regulations, and he *did* scuffle with another inmate. While a prisoner can state a claim of retaliation by alleging that disciplinary actions were based upon false allegations, no claim can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner was not entitled to perform. Any other rule would allow a prisoner to openly flout prison rules after filing a grievance and then bring a claim under section 1983 arguing that prison officials disciplined him in retaliation for his filing a grievance.

Accordingly, we affirm.

HEANEY, Senior Circuit Judge, concurring in part and dissenting in part.

Although I agree that the destruction of Orebaugh's property and the disciplinary charges brought against him did not deprive Orebaugh of due process, I dissent from the dismissal of Orebaugh's retaliation claim. The majority's holding on this claim establishes a rule that will immunize prison officials from retaliation suits whenever some evidence in the record supports the imposition of a disciplinary charge, no matter how retaliatory the motive behind the charge may be. Neither our prior cases nor the meager record before us supports the establishment of such a rule.

In *Sprouse v. Babcock,* 870 F.2d 450, 452 (8th Cir.1989), we held that the filing of a disciplinary charge against an inmate, although otherwise not actionable under section 1983, is actionable if made in retaliation for filing a prison grievance. The majority asserts that the alleged falsity of

the challenged disciplinary charges was "crucial" to our holding in *Sprouse*. Neither the language of the holding nor the procedural posture of *Sprouse*, however, supports this assertion. Sprouse appealed a summary judgment against him on his retaliation claim, and the truth or falsity of the disciplinary charges against him had not yet been determined. The fact crucial to our reversal and remand was that Sprouse alleged that the disciplinary charges were brought against him in an attempt to obstruct his constitutionally guaranteed right to seek redress of his grievances. *See* 870 F.2d at 452.

We have previously noted that "an act in retaliation for the exercise of a constitutionally protected right is actionable . . . , even if the act when taken for a different reason, would have been proper." *Craft v. Wipf,* 836 F.2d 412, 419 (8th Cir.1987) (quoting *Buise v. Hudkins,* 584 F.2d 223, 229 (7th Cir.), *cert. denied,* 440 U.S. 916, 99 S.Ct. 1234, 59 L.Ed.2d 466 (1979)). Moreover, "[n]either the state's authority to take the challenged action nor the reasonableness nor propriety of the action is at issue in a retaliation claim." *Id.*

To state a cause of action for retaliation under section 1983, Orebaugh need allege only that he exercised his right to petition for redress of grievances and that his exercise of this right motivated prison officials to bring disciplinary charges against him. *See Murphy v. Missouri Dep't of Correction,* 769 F.2d 502, 503 (8th Cir.1985); *McDonald v. Hall,* 610 F.2d 16, 18 (1st Cir. 1979). Orebaugh has alleged these facts in his pro se complaint.

An action may not be dismissed as frivolous under 28 U.S.C. § 1915(d) unless "it is beyond doubt that the petitioner can prove no set of facts in support of his claim which would entitle him to relief." *Murphy v. Missouri Dep't of Correction,* 769 F.2d at 503 (citing *Horsey v. Asher,* 741 F.2d 209, 211 (8th Cir.1984)). To prevail on his retaliation claim, Orebaugh has the concededly heavy burden of showing that the prison officials who disciplined him had an impermissible motive for doing so, and that but for this impermissible motive, the disci-

plinary charges would not have been brought. *See id.* at 503 n. 1; *McDonald,* 610 F.2d at 18–19; *cf. Mount Healthy City Bd. of Educ. v. Doyle,* 429 U.S. 274, 283–87, 97 S.Ct. 568, 574–76, 50 L.Ed.2d 471 (1977) (an untenured teacher who could have been discharged for any reason could prevail on his claim for reinstatement only if the defendant school board failed to show that it would have reached the same decision in the absence of the teacher's exercise of a protected right). To survive dismissal under section 1915(d), however, Orebaugh need only set forth a chronology of events from which the prison officials' retaliatory animus can be inferred. *Murphy v. Lane,* 833 F.2d 106, 108–09 (7th Cir.1987) (because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal); *Benson v. Cady,* 761 F.2d 335, 342 (7th Cir.1985) (same).

Here, Orebaugh has alleged that within three weeks of his pursuing his grievance to the Citizens Advisory Committee, the officer whose conduct was the subject of Orebaugh's grievance reported Orebaugh for violating his lay-in order. Less than a week later, Orebaugh was again disciplined for violating his room restriction. This chronology of events, in the context of a pro se complaint, raises a sufficient inference of impermissible motive "to call for the opportunity to offer supporting evidence." *Haines v. Kerner* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

Once Orebaugh has established a prima facie case of retaliation by showing that he exercised a protected right, that he subsequently was disciplined, and that the chronology and circumstances suggest a causal connection between the two events, prison officials are entitled to articulate legitimate reasons for the discipline, as they have done here. Unlike the majority, however, I do not believe that the legitimate reasons the prison officials have advanced are dispositive of Orebaugh's retaliation claim. Orebaugh deserves the opportunity to try to show that the reasons given for disciplin-

ing him were a pretext for the prison officials' retaliatory animus. *Cf. Womack v. Munson,* 619 F.2d 1292, 1296 (8th Cir.1980) (if title VII defendant produced evidence of a nonretaliatory reason for plaintiff's discharge, plaintiff still could prevail by showing that the proffered justification was a pretext for retaliation), *cert. denied,* 450 U.S. 979, 101 S.Ct. 1513, 67 L.Ed.2d 814 (1981).

The majority cites no authority for its assertion that "no claim can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner was not entitled to perform," because no court has heretofore articulated such a rule. Orebaugh's complaint thus raises an arguable question of law for which dismissal on the basis of frivolousness is not appropriate. *See Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). In its zeal to stem the tide of prisoner litigation and in a misguided attempt to discourage the open flouting of prison rules, the majority passes on a claim the district court failed to address, denies Orebaugh the equal access to the adversarial process that section 1915 seeks to afford indigent claimants, and deprives this court of the opportunity to review Orebaugh's retaliation claim on an adequately developed record. In so doing, the majority immunizes from review any trivial disciplinary charge that prison officials can support with some evidence, allowing such officials to inhibit prisoners' constitutional right of access to grievance procedures with impunity. Accordingly, I dissent.