826 F.Supp. 299 (1993)
Bruce CUMMINGS, Plaintiff,
v.
Brenda McCARTER, et al., Defendants.
No. 4:92CV01054 GFG.
United States District Court, E.D. Missouri, E.D.
July 8, 1993.
*300 Bruce Cummings, pro se.
John J. Pawloski, Associate, Sandberg and Phoenix, St. Louis, MO, for defendants.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on various motions, most notably certain defendants' motion for summary judgment filed on May 21, 1993.[1] Plaintiff Bruce Cummings, a Missouri inmate incarcerated at Potosi Correctional Center (PCC), brings this action against several PCC employees. The Court will consider only those claims set forth in the first-amended complaint and will not consider any claim appearing for the first time in Cummings' response to the motion for summary judgment.
Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden of proof is on the moving party and a court should not grant summary judgment unless it is convinced that there is no evidence to sustain a recovery under any circumstances. Foster v. Johns-Manville Sales Corp., 787 F.2d 390, 392 (8th Cir.1986). Under Rule 56(e), a party opposing a properly supported motion for summary judgment may not rest upon the allegations of his pleadings but must present affirmative evidence from which a jury might return a verdict in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S.Ct. 2505, 2514-15, 91 L.Ed.2d 202 (1986).

1. Defendant Paul K. Delo

On July 13, 1992, this Court adopted the Magistrate Judge's recommendation and dismissed as frivolous the claims against Paul K. Delo. The Court later allowed Cummings to amend his complaint. In his amended complaint, in addition to revising his claims, Cummings included Delo's name in the list of defendants. Even if this served to reinstate Delo as a defendant, Cummings has not served Delo and, hence, absent good cause for that failure the claim against Delo is subject to dismissal under Federal Rule of Civil Procedure 4(j).
Moreover, the sole claim against Delo is subject to dismissal as frivolous. Cummings' first-amended complaint states that he attempted "to get assistance from staff members at Potosi Correctional Center such as defendant Delo and ... was met with various forms of `racial discrimination' like being forced to remain in segregation longer." This claim merely rephrases his original claim against Delo, which the Court dismissed as frivolous.

*301 2. Delay in Receiving Medical Service Request Form

Cummings also states that on or about October 2, 1991, he requested a medical service request form (MSR) from defendants Wilkson and West, yet he did not receive the MSR until October 4.[2] Cummings completed the MSR, complaining that he had been diagnosed two weeks earlier as suffering from headaches but that he had not received any medication. Cummings contends that the two-day delay in providing him an MSR, which would ultimately cause a two-day delay in receiving treatment or medicine, violated the Eighth Amendment.[3] A brief delay in responding to treatment for headaches, without indication of a serious medical problem, however, does not constitute a violation of the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 103-06, 97 S.Ct. 285, 290-92, 50 L.Ed.2d 251 (1976) (Eighth Amendment violation requires that officials were deliberately indifferent to serious medical needs). The Court will grant summary judgment for defendants on this claim.

3. The October 12, 1991, Search

Another incident at issue in this case occurred on October 11 and 12, 1991. Cummings states that defendants Ernie Jarvis and Donald Beauchamp threatened and harassed him on October 11 and then the next day they placed handcuffs on him and took him to the shower while they searched his cell. These two defendants allegedly destroyed Cummings' personal letters, postage stamps and confiscated two pieces of "legal paper."
The negligent loss or destruction of property does not implicate the Fourteenth Amendment's due process protection. Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Even if the loss in this instance was intentional, Cummings' claim fails because he has an adequate post-deprivation remedy. See Orebaugh v. Caspari, 910 F.2d 526, 527 (8th Cir.1990). As to the destruction of his "legal papers," Cummings has neither identified the documents nor shown harm resulting from their loss or destruction. See McMaster v. Pung, 984 F.2d 948 (8th Cir.1993) (claim for denial of access to courts requires showing of resulting prejudice or actual injury).

4. The October 15, 1991, Conduct Violation

Cummings additionally asserts that the events surrounding a conduct violation written by defendant McCarter violate several constitutional guarantees. Cummings contends that he observed McCarter take his legal mail into the "bubble" for his hearing unit and that it "looked like" she read his mail. Cummings contends that he has experienced problems in the delivery of his mail and so he said that if his legal mail did not go out "it would be [his] head." McCarter attests, however, that Cummings said that if the mail did not go out, he would tear McCarter's head off and so she issued Cummings a conduct violation. Cummings contends that defendant Ewing, the interviewing officer on this conduct violation, refused to take his statement.
Cummings was found guilty of the violation based on McCarter's report. Cummings asserts that McCarter misheard his statement and that the conduct violation is false. A conduct violation need only be supported by "some evidence" to withstand constitutional scrutiny. Rudd v. Sargent, 866 F.2d 260, 262 (8th Cir.1989). McCarter's statement is sufficient to constitute some evidence. See Orebaugh v. Caspari, 910 F.2d 526, 528 (8th Cir.1990).
Cummings' amended complaint also contends that it looked like McCarter was reading mail. In view of McCarter's affidavit wherein she denies ever reading Cummings' *302 legal mail, Cummings' speculation that McCarter was reading mail, unsupported by any evidence that the mail belonged to Cummings and that it was legal mail, does not create a genuine issue of fact. Moreover, Cummings has presented no evidence of harm as a consequence.
Cummings also claims constitutional error in that the interviewing officer failed to take his statement. A liberty interest protected by the Fourteenth Amendment may arise from the Due Process Clause of the Constitution or be created by state laws. Hewitt v. Helms, 459 U.S. 460, 466, 103 S.Ct. 864, 868, 74 L.Ed.2d 675 (1983). The Constitution requires that an inmate be allowed to make a statement at the hearing on his conduct violation, Wolff v. McDonnell, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979-80, 41 L.Ed.2d 935 (1974), but has not been interpreted as requiring the opportunity to make a statement prior to the hearing. Moreover, even if a prison regulation exists like the one described by Cummings in his amended complaint, one that specifies that an inmate must be allowed to make a statement to the interviewing officer, such a regulation would not create a liberty interest because it does not set forth substantive standards. Williams v. Armontrout, 852 F.2d 377, 379 (8th Cir.), cert. denied, 488 U.S. 996, 109 S.Ct. 564, 102 L.Ed.2d 589 (1988). Accordingly, claims based on the events related to the October 15, 1991 conduct violation are subject to summary judgment for defendants.

5. Other Claims

Cummings presents many other claims that may be disposed of in summary fashion. His claim alleging that defendant George West called him racial names fails to state a claim upon which relief can be granted and shall be dismissed. See Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir.1985) (verbal insults not compensable). The allegations of a conspiracy lack the factual specificity and support to indicate the requisite meeting of the minds. See Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir.1990). Cummings' contention that defendants violated prison policies does not state a due process claim because Cummings has provided no evidence to suggest that these policies created a constitutionally protected liberty interest. See Hewitt v. Helms, 459 U.S. 460, 466, 103 S.Ct. 864, 868, 74 L.Ed.2d 675 (1983).
There exists no evidence from which a jury might return a verdict in Cummings' favor on his claims that his two years in administrative segregation constitute cruel and unusual punishment and were racially motivated. Defendants have presented extensive records documenting the repeated conduct violations that have caused Cummings' lengthy stay in segregated confinement. Cummings offers no evidence to the contrary. To the extent Cummings is making a claim based on disparate impact, he has failed to state a claim under § 1983 because violation of that statute requires intentional discrimination. See Foster v. Wyrick, 823 F.2d 218, 221 (8th Cir.1987).
Lastly, paragraph 10 of the first amended complaint states that defendants, without identifying any by name, threatened to punish Cummings for writing to correction officials and filing suit against them. Cummings provides no details as to who made these threats or how or when they occurred. Furthermore, to the extent the complaint claims that defendants issued conduct violations in retaliation for Cummings' legal activities, the Court will grant summary judgment for defendants because Cummings has made no showing that discipline was imparted for acts he was entitled to perform. See Orebaugh v. Caspari, 910 F.2d 526, 528 (8th Cir.1990).

ORDER AND JUDGMENT
Pursuant to the memorandum filed on this date and incorporated herein,
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendants' motion for summary judgment is granted.
IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel is denied.
IT IS FURTHER ORDERED that plaintiff's motion for an order compelling discovery is denied.
*303 IT IS FURTHER ORDERED that plaintiff's motion to dismiss defendants' memorandum for clerk of May 19, 1993, is denied.
IT IS FURTHER ORDERED that all other pending motions are denied as moot.
NOTES
[1] The memorandum states that it is in support of defendants' motion to dismiss. The motion, however, is entitled a motion for summary judgment and the text of the memorandum indicates it is intended to support a motion for summary judgment. Accordingly, the Court may consider matters outside the pleadings.
[2] Cummings' allegations in his first amended complaint regarding this incident would be subject to dismissal because he does not identify the responsible defendant or defendants. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985) (requiring allegation of personal involvement). Because Cummings is proceeding pro se, however, the Court has constructed Cummings' factual allegations from his original complaint and defendants' motion.
[3] Cummings additionally contends that these actions deprived him of due process, but this assertion is without legal foundation.