24 F.3d 242
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Jim MASTER, Appellant,
v.
C. HAMPTON, Individually and in his Official Capacity,
Maximum Security Unit, Arkansas Department of Correction;
and C.D Ivey, Individually and in his Official Capacity,
Maximum Security Unit, Arkansas Department of Correction, Appellees.
 No. 93-4030EA.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 11, 1994.
Filed: May 6, 1994.
 
 Before RICHARD S. ARNOLD, Chief Judge, McMILLIAN and MAGILL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jim Master, an inmate of the Arkansas Department of Correction, Maximum Security Unit, filed suit under 42 U.S.C. Sec. 1983 against two prison officials, Sergeant C. Hampton and Sergeant C.D. Ivey, a former employee. Master alleged that the officials violated his constitutional rights when they filed a disciplinary report which resulted in his being sentenced to punitive segregation. The defendants moved for summary judgment, arguing that they had not charged Master with a major disciplinary infraction in retaliation for his role in helping other inmates file suits. Instead, the prison officials asserted that they had punished Master for his refusal to obey several direct orders from Hampton, and that the evidence in the record supported the sanction. The District Court[1] granted the defendants' summary- judgment motion, and Master appeals. We affirm.
 
 I.
 
 2
 In his disciplinary report, Hampton stated that on May 18, 1992, when he was in charge of inmates on work detail, a fight broke out. Hampton heard Master yelling and gave him several direct orders to stop. Master continued to yell until Hampton had repeated the order a third time. As a result of Master's disobedience, Hampton filed a disciplinary report against him.
 
 
 3
 Prison officials held a disciplinary hearing and offered Hampton and Master the opportunity to present testimony as to what had occurred. Defendant Ivey testified that he witnessed the incident, and that the situation had occurred as described by Hampton. Master also testified, arguing that the officers fabricated the entire incident in retaliation for suits he had filed on behalf of other inmates. The hearing record acknowledged Master's version of the events, but the hearing officer found that the situation actually occurred as Hampton described. Therefore, the hearing officer determined that Master's behavior was disruptive and could not be tolerated, and sentenced him to punitive segregation.
 
 
 4
 The District Court granted summary judgment for the defendants, concluding that no genuine issue of material fact existed with respect to Master's claims.
 
 II.
 
 5
 In his appeal, Master contends that the situation occurred as he alleges, and that he had a legal right to assist his fellow inmates without retaliation. He points to affidavits of two other inmates which state that Hampton had threatened Master, and that the threats referred specifically to the suits Master had filed. In addition, he argues the District Court erred in denying his motion to supplement his complaint.
 
 
 6
 In reviewing the District Court's order granting summary judgment for the defendants, we apply the standard enunciated by the Supreme Court in Superintendent v. Hill, 472 U.S. 445 (1985). In Hill, the Court held that when a court assesses a prisoner's challenge to a disciplinary action, that court need consider only whether "some evidence" in the record supports the disciplinary board's decision. Id. at 455-56; see also Brown v. Frey, 807 F.2d 1407, 1414 (8th Cir. 1986).
 
 
 7
 After reviewing the record, we conclude that it supports the District Court's summary-judgment order. The disciplinary-hearing record reveals that the hearing officer considered the testimony of Hampton, Ivey, and Master. Although the hearing officer specifically noted Master's rendition of the events, he found, on the basis of Hampton's testimony and Ivey's corroboration, that, when the fight between other prisoners broke out, Master violated several direct orders from Hampton to be quiet. Moreover, even assuming that Master's retaliation theory is based on fact, under the law of this Circuit, the District Court's grant of summary judgment was correct as long as some evidence exists to support the conclusion of the prison disciplinary board that Master violated a prison rule. Orebaugh v. Caspari, 910 F.2d 526, 528(8th Cir. 1990) (per curiam). We conclude that the record contains some evidence to support the hearing officer's conclusions.
 
 
 8
 Finally, because Master has another cause of action currently pending, which covers the allegations he apparently wanted to include in his supplemental complaint, we conclude that the District Court did not err in denying his motion to amend this complaint.
 
 
 9
 The evidence in the record supports the prison disciplinary board's determination. Therefore, we affirm the District Court's summary-judgment order.
 
 
 
 [1]
 The Honorable George Howard, Jr., United States District Judge for the Eastern and Western Districts of Arkansas