**Gary Dale HINES, Plaintiff,**

v.

**James GOMEZ, et al., Defendants.**

**No. C–92–0120 EFL.**

United States District Court,
N.D. California.

May 26, 1994.

Martin H. Kresse, Ann M. Rosen, San Francisco, CA, for plaintiff.

Catherine A. McBrien, Deputy Atty. Gen., San Francisco, CA, for defendants.

### ORDER DENYING SUMMARY JUDGMENT IN PART AND GRANTING IN PART

LYNCH, District Judge.

### I. *Introduction*

Plaintiff, an inmate on death row at San Quentin State Prison, filed this action pursuant to 42 U.S.C. § 1983 alleging numerous civil rights violations. The Court heard defendants' motion for summary judgment on May 6, 1994. The Court granted defendants' motion for summary judgment as to plaintiff's claim for injunctive relief regarding the opening of his legal mail and as to plaintiff's claim of excessive force against defendant Campbell.[1]

The Court denied defendants' motion on the remaining claims: (1) the alleged breaking of plaintiff's television by defendants Jones and Gates in retaliation for filing inmate appeals ("602s"); (2) the alleged retaliatory issuance of a disciplinary rules violation by defendant Shafer several hours after plaintiff filed a 602 concerning the broken television; and (3) the alleged retaliatory rules violation report issued by defendant Pearson which resulted in plaintiff permanently losing his television.[2] The Court issues this Order to clarify for the parties the basis of its denial of summary judgment concerning these retaliation claims.

### II. *Factual Background*

Plaintiff's claims of retaliation are grounded in a series of events which allegedly occurred in December of 1991. Plaintiff claims that his television was returned to him in early December by defendant Campbell. He

---

1. Defendants did not move for summary judgment on the excessive force claim as to defendants Jones and Gates.

2. Defendant Szmaciarz is linked to the allegedly retaliatory rules violations reports through plaintiff's allegations that the defendant improperly denied his request to have witnesses present at his hearings and permitted false testimony, all due to retaliatory motive.

claims that the television was not working properly—it was buzzing, the casing was loose and it blew out the circuit in his tier. He alleges that defendants Gates and Campbell broke his television in retaliation for administrative appeals he had filed. The evidence linking Gates to the alleged breaking of the television is that plaintiff had seen Gates drinking coffee next to the television and when the television was later set down on plaintiff's bed, coffee stains appeared on the sheets. Plaintiff also stated at his deposition that Gates laughed about the broken television. Plaintiff's evidence linking defendant Campbell is that Campbell returned the television to him, although he is not the property officer, and that the plaintiff did not sign for it, as required under San Quentin regulations.

The second allegedly retaliatory incident arose out of plaintiff's filing of an inmate grievance concerning the broken television on December 6 at approximately 9 a.m. Three hours after handing the grievance to defendant Campbell, defendant Shafer inspected the television in plaintiff's cell, issued a rules violation report to plaintiff for tampering with the seals of the television, and removed the television. Plaintiff claims he did not tamper with the seals and that defendant Shafer knew that the report was false.

Defendant Szmaciarz conducted a disciplinary hearing on December 22, 1991, at which Shafer testified that the television was functioning when it was returned to plaintiff. Plaintiff was found guilty of tampering with the seals and lost his television for 90 days; he also allegedly agreed that if an additional rules violation was issued during that time period the television would be shipped out of San Quentin. Plaintiff claims that his requests for witnesses to testify at this hearing were denied in retaliation for his filing the inmate grievance, and that he did not agree to permanently losing his television if a rules violation was issued during the 90 day period.

Finally, on January 19, 1992, defendant Pearson issued a rules violation report which stated that while escorting plaintiff to his cell plaintiff attempted to stop and retrieve an item from another inmate. An investigative employee was not assigned. On January 23, defendant Szmaciarz conducted a hearing and plaintiff was found guilty. His television was sent home. Plaintiff claims that the disciplinary report was false. He was unaware a violation had been issued until the hearing and he was improperly denied witnesses at the hearing.

### III. *Discussion*

The defendants' motion for summary judgment relied primarily on one legal theory: that plaintiff's claim of retaliation must fail because the filing of inmate appeals is not constitutionally protected activity and therefore any retaliation for plaintiff's filings is not actionable under 42 U.S.C. § 1983.[3] The defendants argue that because prisoners have no constitutional right to an inmate grievance system, plaintiff has failed to allege any constitutionally protected conduct which could be the basis of his claim of retaliation. The defendants further contend that the filing of an inmate appeal does not implicate plaintiff's first amendment right to petition the government for redress of grievances. For the following reasons, the Court disagrees.

■ To establish a claim of retaliation under 42 U.S.C. § 1983, plaintiff must first establish that he engaged in constitutionally protected activity and second that his conduct was a substantial or motivating factor behind the supposedly retaliatory acts. *Mt. Healthy City School Dist. Bd. of Ed. v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977); *see also, Soranno's Gasco, Inc. v. Morgan,* 874 F.2d 1310, 1314 (9th Cir.1989). If plaintiff meets this burden, the defendants are entitled to show that they would have taken the same actions even in the absence of the protected conduct. *Mt. Healthy,* 429 U.S. at 287, 97 S.Ct. at 576; *Soranno's Gasco,* 874 F.2d at 1314.

■ Thus, the issue before the Court is whether the plaintiff's filing of an inmate

---

**3.** The defendants' motion purported to challenge plaintiff's evidence of retaliatory motive; however, as plaintiff noted in his opposition, defendants did not submit evidence which was properly authenticated and therefore admissible under Federal Rule of Civil Procedure 56(e).

appeal is constitutionally protected conduct. The Court does not dispute defendants' contention that prisoners are not constitutionally entitled to an inmate appeals system, or to this particular appeals system. Nor does the Court find it necessary to address whether the state has created a protected liberty interest in the inmate appeals system at issue here. However, the Court finds that filing an inmate appeal falls within the plaintiff's first amendment right to petition the government for redress of grievances.[4]

First, several circuits have held that a prisoner's first amendment right to petition the government for redress of grievances encompasses the filing of inmate administrative appeals.[5] For example, in *Franco v. Kelly,* the Second Circuit held that an inmate had stated a claim under 42 U.S.C. § 1983 by alleging that false disciplinary charges were filed against him in retaliation for his cooperation with an administrative investigation by the state Inspector General. *Franco v. Kelly,* 854 F.2d 584, 585–86 (2d Cir.1988). The court held that "[a]lthough those allegations do not directly implicate Franco's right of access to the courts or similar judicial forums, we believe that his complaint does implicate his broader right to petition the government for redress of grievances, as guaranteed by the First and Fourteenth Amendments." *Id.* at 589.

The Second Circuit went on to explain, "the right of petition applies with equal force to a person's right to seek redress from all branches of government ... In the prison context, we have held that inmates must be 'permitted free and uninhibited access ... to both *administrative and judicial* forums for the purpose of seeking redress of grievances against state officers.'" *Id.* (emphasis original). The court held that the intentional obstruction of the right to seek redress of grievances "'is precisely the sort of oppression that ... section 1983 [is] intended to remedy.'" *Id.*

Moreover, the Ninth Circuit has relied on this line of authority in other administrative contexts. In *Soranno's Gasco* plaintiffs alleged that Gasco's petroleum bulk plant permits had been suspended by the Air Pollution Control District ("APCD") in retaliation for their public criticism of the APCD and for filing suit against the defendants. The Ninth Circuit held that the plaintiffs' institution of public hearings before the County Board of Supervisors and the initiation of litigation challenging certain regulations, was protected under the first amendment both as political expression and under the right to petition the government. *Soranno's Gasco,* 874 F.2d at 1314.[6]

The court then held that plaintiffs had stated a claim of retaliation under § 1983 in alleging that the suspension of their permits was in response to both the public criticism at the hearings and the litigation against the defendants. The court explained that "[t]he right of access to the courts is subsumed under the first amendment right to petition the government for redress of grievances ... Deliberate retaliation by state actors against an individual's exercise of this right is action-

---

**4.** The Court notes that defendants focused on whether the *subject* of the inmate appeal was of constitutional significance. This mischaracterizes the issue. It is not the subject of the appeal that plaintiff asserts is constitutionally protected but the filing of the appeal itself.

**5.** *See Sprouse v. Babcock,* 870 F.2d 450 (8th Cir.1989) (summary judgment reversed since plaintiff stated a claim of retaliation under § 1983 by alleging that a false disciplinary charge was filed in retaliation for previous filing of inmate grievances; intentional obstruction of right to seek redress is type of conduct § 1983 is intended to remedy); *Wildberger v. Bracknell,* 869 F.2d 1467 (11th Cir.1989) (plaintiff had stated a claim for retaliation under § 1983 where he alleged that he was placed in segregation in

retaliation for having filed several grievances under the state's grievance procedure which is within the scope of the right to petition); *Wolfel v. Bates,* 707 F.2d 932 (6th Cir.1983) (award of nominal damages upheld where district court found that the issuance of a rules infraction ticket because plaintiff obtained signatures on a petition which was sent to the prison superintendent was an impermissible abridgement of plaintiff's right to seek redress of grievances).

**6.** The *Soranno's Gasco* court noted that the district court's conclusion that the plaintiffs' had no constitutionally protected property interest in the permits was not dispositive of their retaliation claim, since the plaintiffs alleged that the suspension of the permits was in response to their first amendment activities. *Id.* at 1314.

able under section 1983." *Id.* (citing *Franco v. Kelly,* 854 F.2d 584, 589 (2d Cir.1988)).[7]

Finally, the Court is not persuaded by defendants' arguments in favor of rejecting *Franco v. Kelly* and *Sprouse v. Babcock.* The defendants argue that including an inmate appeal within the right to petition trivializes the Constitution, penalizes the state for creating the inmate appeal system, and constitutionalizes every interaction between staff and inmates. In addition, the defendants argue that because the state regulations provide that "no reprisal shall be taken against an inmate or parolee for filing an appeal," the issue of retaliation should properly be left to state courts to remedy. *See* California Code of Regulations, Title 15, § 3084.1(d).

The Court is not persuaded that these concerns outweigh the authority previously discussed. First, the Court notes that had plaintiff written the governor to complain about prison conditions, that conduct would be protected under the right to petition. The Court can see no reason to hold that the right to petition is no longer implicated simply because the plaintiff utilized the procedure established by the state to file one's grievances against the prison (a part of the executive branch). In the Court's view, to hold otherwise would trivialize the plaintiff's right to petition the government.

Second, the Court does not believe that following *Franco v. Kelly* will result in constitutionalizing every interaction between inmates and staff. The inmate still has the high burden of showing that filing the inmate appeal was a substantial motivating factor behind the retaliatory actions taken by defendants.[8] Plaintiff has met that burden here by his undisputed testimony concerning the broken television and his denial of committing the actions which were the basis of the disciplinary reports, coupled with the timing of the filing of the disciplinary reports. Moreover, defendants can show by a preponderance of the evidence that they would have taken the same action even in the absence of the protected conduct. *See Soranno's Gasco,* 864 F.2d at 1315.[9] Finally,

7. The Ninth Circuit has interpreted the right to petition broadly in other contexts as well. *See Johnston v. Koppes,* 850 F.2d 594 (9th Cir.1988) (denial of summary judgment upheld as to retaliation claim under § 1983 since government attorney's attendance at state legislative committee hearing on abortion was protected by first amendment right peacefully to assemble and to petition the government for redress of grievances); *see also, Sessions Tank Liners, Inc. v. Joor Manufacturing, Inc.,* 827 F.2d 458 (9th Cir. 1987) (right to petition includes appeals to those who are not governmental actors but are involved in the process; therefore manufacturer seeking to influence the non-profit Western Fire Chiefs Association in order to influence local fire safety laws are exercising their right to petition); *vacated on other grounds,* 487 U.S. 1213, 108 S.Ct. 2862, 101 L.Ed.2d 899 (1988) (for further consideration in light of *Allied Tube & Conduit Corp. v. Indian Head, Inc.,* 486 U.S. 492, 108 S.Ct. 1931, 100 L.Ed.2d 497 (1988)), and *opinion after remand to district court,* 17 F.3d 295 (9th Cir.1994) (manufacturer's effort to petition shielded by *Noerr* immunity where sole anti-competitive injury resulted from the governmental action).

8. Defendants cite *Orebaugh v. Caspari,* 910 F.2d 526 (8th Cir.1990) in support of this argument. However, the court in *Orebaugh* recognized that *Sprouse v. Babcock* permitted an inmate to state a claim of retaliation if he alleged that disciplinary charges brought against him were false. *Orebaugh v. Caspari,* 910 F.2d 526, 528 (8th Cir.1990). The court then upheld the grant of summary judgment on the retaliation claim since the plaintiff admitted that he had played softball, did have excess canteen items, and had scuffled with another inmate, all in violation of prison regulations. *Id.* The court held that plaintiff could not state a claim of retaliation "when the alleged retaliation arose from discipline imparted for acts that a prisoner was not entitled to perform. Any other rule would allow a prisoner to openly flout prison rules after filing a grievance and then bring a claim under section 1983 arguing that prison officials disciplined him in retaliation for his filing a grievance." *Id.*

The Court does not find this case aids the defendants' argument for rejecting the line of authority holding that the filing of an inmate grievance is included within the right to petition the government. The *Orebaugh* court recognized that a claim for retaliation due to the filing of a grievance was possible, but specifically relied on the fact that plaintiff admitted to the conduct that was the basis of the disciplinary action. Here, plaintiff does not admit to the conduct which underlies the two disciplinary actions.

9. The Court again notes that defendants' evidence which allegedly disputed plaintiff's testimony was not properly authenticated. Moreover, defendants did not attempt to establish by a preponderance of the evidence that the alleged retaliatory acts would have occurred regardless of plaintiff's inmate appeals.

the availability of the state cause of action for taking reprisals for filing inmate grievances does not affect whether the filing of the grievance is within the plaintiff's right to petition the government for redress of grievances.

IV. *Conclusion*

The Court therefore holds that plaintiff can state a claim for retaliation based upon the allegation that certain retaliatory actions were taken in response to his filing inmate appeals. The cases discussed above indicate that plaintiff's activity of filing an inmate appeal is subsumed under the right to petition the government for redress. Courts have interpreted the right to petition broadly to include the right to petition all branches of government—executive, judicial and legislative. Moreover, several circuits have specifically held that the act of using an inmate grievance process is protected under the right to petition. Therefore, any action taken in retaliation for the plaintiff's filing of inmate appeals is actionable under 42 U.S.C. § 1983. Defendants' motion for summary judgment is DENIED.

IT IS SO ORDERED.