41 F.3d 1507
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jimmie Lee RILEY, Plaintiff-Appellant,
v.
Maurice EVANS, Defendant-Appellee.
 No. 94-1666.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1994.
 
 1
 Before: MARTIN and BATCHELDER, Circuit Judges, and ENSLEN, District Judge.*
 
 ORDER
 
 2
 Jimmie Lee Riley, a pro se Michigan prisoner, appeals the summary judgment in favor of the defendant in this civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Riley filed this civil rights action alleging that while incarcerated at the Adrian Temporary Facility in Adrian, Michigan, the defendant filed a false misconduct charge. The defendant, Maurice Evans, is a prison guard at that facility. Riley specifically claimed that "[o]n September 1, 1992, defendant fabricated a Non-bondable major misconduct charge against plaintiff, falsely alleging that plaintiff committed a rule violation: (012) Threatening Behavior." Riley also claimed that the defendant "fabricated the major misconduct charge with a malicious intent to retaliate against plaintiff for filing grievances on defendant and for expressing his mind in reaction to defendant's actions, words, and gestures which communicated a disregard for prisoners in general and non-white prisoners in particular." Riley also asserted a claim under 42 U.S.C. Sec. 1985. Riley sued the defendant in his individual and official capacities and sought declaratory, injunctive and monetary relief.
 
 
 4
 The defendant filed a motion to dismiss or, in the alternative, a motion for summary judgment. The matter was referred to a magistrate judge who issued a report recommending that summary judgment be granted. Despite Riley's objections, the district court adopted the report and recommendation in an order and judgment filed May 26, 1994. Reconsideration was denied in an order filed June 17, 1994.
 
 
 5
 Upon review, we conclude that summary judgment was proper as there is no genuine issue of material fact and the defendant is entitled to a judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 6
 The defendant is entitled to a judgment as matter of law to the extent that Riley claimed the defendant filed a false misconduct charge. A prisoner has no constitutionally protected immunity from being falsely accused. See Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir.1986), cert. denied, 485 U.S. 982 (1988). The prisoner only has a right to due process of law in the disciplinary proceedings. Id. Riley's complaint does not indicate that his disciplinary hearing on the misconduct incident failed to comport with the due process standards that were announced in Wolff v. McDonnell, 418 U.S. 539, 563-70 (1974), and Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 455-56 (1985).
 
 
 7
 The defendant is also entitled to a judgment as a matter of law to the extent Riley claimed that the defendant filed the misconduct charge to retaliate against Riley for filing grievances against the defendant. Riley's allegation of retaliation does not demonstrate an egregious abuse of authority sufficient to defeat a motion for summary judgment. See Cale v. Johnson, 861 F.2d 943, 950 (6th Cir.1988).
 
 
 8
 As an alternative basis on which to affirm the decision regarding the claim of retaliation, the prison officials found that the misconduct charge was true, albeit reduced to a charge of insolence. "While a prisoner can state a claim of retaliation by alleging that disciplinary actions were based upon false allegations, no claim can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner was not entitled to perform. Any other rule would allow a prisoner to openly flout prison rules after filing a grievance and then bring a claim under Section 1983 arguing that prison officials disciplined him in retaliation for his filing a grievance." Orebaugh v. Caspari, 910 F.2d 526, 528 (8th Cir.1990) (per curiam). Because the charge was found to be true, Riley cannot state a retaliation claim.
 
 
 9
 Finally, Riley does not assert his Sec. 1985 claim on appeal; therefore, it is considered abandoned and will not be reviewed. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992); McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 10
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard A. Enslen, U.S. District Judge for the Western District of Michigan, sitting by designation