46 F.3d 1135
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Stanley E. BOYD, Appellant,
v.
David NICHOLS; Gene Hays; John Does, Appellees.
 No. 94-2875.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Jan. 25, 1995.
Filed: Feb. 7, 1995.
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Stanley E. Boyd, a Missouri inmate at the Potosi Correctional Center (PCC), appeals the district court's[1] grant of summary judgment for PCC officials in his pro se 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 Boyd alleged that defendants, both of whom worked in the PCC canteen, violated his First, Eighth, and Fourteenth Amendment rights when they knowingly damaged his television while it was in their custody for repairs, acting out of retaliation for institutional grievances Boyd had filed against them. Boyd further alleged that defendants wrongly issued him a conduct violation, also with retaliatory motive. After considering Boyd's timely objections to the magistrate judge's report, the district court granted summary judgment for defendants on all claims.
 
 
 3
 We review a grant of summary judgment de novo, applying the same standard as the district court. Dillaha v. Yamaha Motor Corp., 23 F.3d 1376, 1377 (8th Cir. 1994). Summary judgment is appropriate if the record shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 4
 The district court correctly granted summary judgment on Boyd's retaliation claim. Boyd has not shown the conduct violation filed against him was based on false allegations, or that he was disciplined for acts he was entitled to perform. See Goff v. Burton, 7 F.3d 734, 738 (8th Cir. 1993), cert. denied, 114 S. Ct. 2684 (1994); Orebaugh v. Caspari, 910 F.2d 526, 528 (8th Cir. 1990) (per curiam). We also agree with the district court that the record shows Boyd received the process he was due for the conduct violation he received, and that the committee's decision was supported by some evidence. See Brown-El v. Delo, 969 F.2d 644, 647 (8th Cir. 1992).
 
 
 5
 We further agree with the district court that Boyd had no due process claim based on the alleged damage to his television, because Missouri law provided him with adequate post-deprivation relief. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Orebaugh, 910 F.2d at 527 (Missouri state-law remedies adequate). The district court correctly granted summary judgment on Boyd's Eighth Amendment claim because he did not show how any of defendants' actions constituted deliberate indifference. See Wilson v. Seiter, 501 U.S. 294, 302-03 (1991). We reject Boyd's remaining arguments as meritless.
 
 
 6
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri, adopting the report and recommendation of the Honorable Frederick R. Buckles, United States Magistrate Judge for the Eastern District of Missouri