**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1130

_____

| | | |
|---|---|---|
| Martin Wishnatsky, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Timothy Schuetzle, Warden of the | * | Appeal from the United States |
| North Dakota State Penitentiary, in | * | District Court for the |
| his individual capacity; Wanda Bier, | * | District of North Dakota. |
| assistant to the NDSP Warden, in her | * | |
| individual capacity; Judy Berg, NDSP | * | [UNPUBLISHED] |
| property officer, in her individual | * | |
| capacity; Cordell Stromme, Chief of | * | |
| Security at NDSP, in his individual | * | |
| capacity; Mirna Stromme, NDSP mail | * | |
| clerk, in her individual capacity, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  March 25, 1998

Filed:   March 27, 1998

_____

Before BOWMAN, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit
    Judges.

_____

PER CURIAM.

Martin Wishnatsky appeals from the district court's[1] grant of summary judgment to North Dakota State Penitentiary (NDSP) officials in his 42 U.S.C. § 1983 action. We affirm the judgment of the district court.

Mr. Wishnatsky claimed that while he was an NDSP inmate from March until August 1992, defendants violated his First Amendment rights by screening from his incoming and outgoing mail "postcards of unborn children, both alive in the womb and dead through abortion." According to defendants, they enforced a policy prohibiting possession of pictures of aborted fetuses (aborted-fetus policy); inmates were permitted to promote their abortion views orally, and to send, receive, and read letters, articles, or other literature regarding abortion; and when a postcard violating the aborted-fetus policy arrived at NDSP addressed to Mr. Wishnatsky, he was notified it was prohibited, it was placed in his file for him to retrieve upon his release, and a copy of the card's written portion was given to him.

Defendant Warden Timothy Schuetzle attested he had continued the aborted-fetus policy based on his NDSP experience, as well as on abortion-related violence in open society, and was "personally aware of numerous incidents at NDSP where pictures were the impetus of physical confrontations." Mr. Schuetzle attested he believed abortion was "a sensitive issue to numerous inmates," and inmates' beliefs on the issue had "caused verbal threats and confrontation between inmates." After Mr. Schuetzle had enforced the policy to prohibit Mr. Wishnatsky from receiving postcards depicting aborted fetuses, Mr. Wishnatsky complained of inmates' threats against him that the district court found "quite chilling and obviously related to [his] stance on abortion."

---

[1]The Honorable Rodney S. Webb, Chief Judge, United States District Court for the District of North Dakota.

Although "[p]rison walls do not form a barrier separating prison inmates from the protections of the Constitution," their First Amendment rights may be limited by regulations "reasonably related to legitimate penological interests." See Turner v. Safley, 482 U.S. 78, 84, 89 (1987). Given the deference granted prison officials and the particular facts of this case--including the alternative means of expression available, and the threats of inmate violence (which appear related to Mr. Wishnatsky's abortion stance)--we conclude Mr. Wishnatsky failed to meet his burden of demonstrating the aborted-fetus policy was not reasonably related to NDSP's penological interest in security. See Bell v. Wolfish, 441 U.S. 520, 547 (1979) (prison administrators accorded "wide-ranging deference" in adopting and executing policies they deem necessary for security); Orebaugh v. Caspari, 910 F.2d 526, 527-28 (8th Cir.1990) (per curiam) (inmate bears burden of proving policy is not reasonably related to legitimate penological interest).

Furthermore, Mr. Wishnatsky's evidence did not establish that he was denied postcards unmistakably depicting in utero fetuses, and we believe any denial of a postcard that may have depicted a fetus in the womb was supported by the same security concerns as the aborted-fetus policy.

Finally, as inmates were prohibited from possessing pictures of aborted fetuses, we conclude NDSP could properly confiscate as contraband any such postcards that Mr. Wishnatsky attempted to mail from prison.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-