# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2736

_____

Michael Dunham Murphy,              *
                                         *

          Appellant,        *

                                         *   Appeal from the United States

       v.               *   District Court for the

                                       *   Western District of Missouri.

City of Joplin; James Hounschell;  *

Greg Dagnan; Michael Roberts;    *   [UNPUBLISHED]

Edward Dennis; Tracy Sparrow; Brian *

Head; David Barrett,            *

                                       *

          Appellees.        *

_____

Submitted: January 22, 2002
Filed: January 30, 2002

_____

Before McMILLIAN, BOWMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

Michael Dunham Murphy brought a civil rights lawsuit alleging that (1) City of Joplin Police Officers James Hounschell, Greg Dagnan, and Michael Roberts, and Jasper County Deputy Sheriff Tracy Sparrow illegally seized his property while executing a warrant; and (2) City Attorneys Brian Head and David Barrett later set a policy or custom on behalf of the City to retain the property illegally after it was subject to return. The district court dismissed Murphy's complaint under 28 U.S.C. § 1915A(b) for failure to state a claim.

Upon our de novo review, see Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam), we affirm the dismissal as to the police officers because Missouri offers an adequate postdeprivation remedy for their alleged conduct, see Hudson v. Palmer, 468 U.S. 517, 530-36 (1984) (random and unauthorized property deprivations do not violate Due Process Clause if state provides adequate postdeprivation remedy); Orebaugh v. Caspari, 910 F.2d 526, 527 (8th Cir. 1990) (per curiam) (Missouri provides adequate postdeprivation remedy for property seizures). We reverse, however, as to Head, Barrett, and the City, because a postdeprivation remedy will not satisfy the Due Process Clause in situations where the deprivation was authorized. See Hudson, 468 U.S. at 530-36; Lathon v. City of St. Louis, 242 F.3d 841, 842-44 (8th Cir. 2001) (authorized decision on behalf of City not to return plaintiff's property is not action for which postdeprivation process will suffice, because availability of state law remedies bears relevance only where challenged acts of state officials can be characterized as random and unauthorized).

Accordingly, we remand to the district court for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.