# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 02-2418WM

_____

| | | |
|---|---|---|
| Edward A. Moore, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Sam Plaster, Investigator; David | * | |
| Williams, Investigator; D. Dormire, | * | |
| Superintendent; Julie Koenigsfeld, | * | |
| Librarian; Michael Groose, Assistant | * | |
| Director; Dora Schriro, Director; Jean | * | |
| Ann Johnson, Assistant Superintendent; | * | On Appeal from the United |
| V Conway, Caseworker; R McBee, | * | States District Court |
| Sergeant; Mike Kemna, Superintendent; | * | for the Western District |
| Dan Greene, Caseworker; Arthur | * | of Missouri. |
| Wood, Caseworker; David Webster, | * | |
| Caseworker; Gerald Bommel, Assistant | * | [To Be Published] |
| Superintendent; Darlene Wansing, | * | |
| Finance Officer; J Kumberg, | * | |
| Caseworker, JCCC; Deborah Carroll, | * | |
| Assistant Librarian at CrCC; S Saunders, | * | |
| Corr. Officer II, CrCC; Amy Gertz, | * | |
| Caseworker at CrCC; Russell | * | |
| Hollowell, Caseworker at CrCC; State | * | |
| of Missouri; Missouri Department of | * | |
| Corrections and Human Resources, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  December 5, 2002

Filed:  December 17, 2002

_____

Before MORRIS SHEPPARD ARNOLD, RICHARD S. ARNOLD, and BYE, Circuit
    Judges.
                            _____

PER CURIAM.

Edward Allen Moore, a Missouri inmate, appeals the District Court's[1] grant of summary judgment, following our remand in his 42 U.S.C. § 1983 action against Sam Plaster, the State of Missouri, the Missouri Department of Corrections (MDC), and 22 MDC officials. We affirm.

A detailed recitation of the facts is found in our opinion in Moore v. Plaster, 266 F.3d 928 (8th Cir. 2001), cert. denied, 122 S. Ct. 1797 (2002). For purposes of this appeal, it is sufficient to note that in September 1996, while Mr. Moore was incarcerated in Jefferson City Correctional Center, a disciplinary committee found him guilty of violating prison rule 11, which prohibits the possession or use of drugs. Mr. Moore was sanctioned. In February 1997 the disciplinary committee found Mr. Moore guilty of a second charge of violating prison rule 11 and again sanctioned him. This charge, however, was later expunged. In March 1997 Mr. Moore was placed in temporary administrative segregation confinement (TASC) for three weeks, purportedly for security reasons and for violating rule 11. He later brought this section 1983 lawsuit asserting claims for, among other things, disciplinary retaliation. Defendants successfully moved for summary judgment. We affirmed on all claims except for those of retaliatory discipline. We reversed and remanded as to those claims, because, in our view, the record did not contain "some evidence" that the disciplinary actions against Mr. Moore were for actual violations of prison rules. We

---

[1]The Honorable Nanette K. Laughrey, United States District Judge for the Western District of Missouri.

noted, however, that perhaps defendants on remand could produce such evidence. Moore, 266 F.3d at 931-33.

On remand, defendants filed a supplemental motion for summary judgment. The supplemental evidence included a confidential file and investigation report that had been referred to but not included in the original summary judgment record; a transcribed interview of Mr. Moore; Prison Investigator Sam Plaster's report on the results of Mr. Moore's computer voice stress analysis (CVSA) exam, together with the CVSA results; and a transcribed telephone conversation. The District Court granted defendants' supplemental motion for summary judgment, and this appeal followed.

Mr. Moore argues that defendants should not have been permitted to file a second summary judgment motion. We disagree. To the extent that defendants could supplement the record with evidence showing that Mr. Moore in fact violated prison rules, the District Court did not abuse its discretion or exceed the scope of our remand order in allowing defendants to submit additional evidence.

Mr. Moore also argues that the new evidence was inadmissible hearsay. This argument also fails, because the evidence was considered not to determine the truth of the matter asserted, see Fed. R. Evid. 801(c) (definition of hearsay), but to determine whether prison officials, who may rely on hearsay in prison disciplinary proceedings, see Rudd v. Sargent, 866 F.2d 260, 262 (8th Cir. 1989) (per curiam), had "some evidence" to support the contested disciplinary actions. We also note that the challenged material was the type of evidence that we have deemed to constitute "some evidence" in prior cases involving prison disciplinary proceedings. Cf. Earnest v. Courtney, 64 F.3d 365, 367 (8th Cir. 1995) (per curiam) (officer's affidavit, disciplinary report, and information from reliable confidential informants were "some evidence" supporting finding of guilt); Orebaugh v. Caspari, 910 F.2d

526, 528 (8th Cir. 1990) (per curiam) (plaintiff's admission was "some evidence" of actual rule violation).

Upon de novo review, see <u>Anderson v. Franklin County</u>, 192 F.3d 1125, 1131 (8th Cir. 1999), we find that the supplemental record provides some evidence that Mr. Moore actually committed the rule violations. The first conduct violation is supported by the confidential information in the investigator's report (containing statements from interviews with inmates, including Mr. Moore) about Mr. Moore's drug activity, and also by the CVSA exam results and Investigator Plaster's opinion regarding the results. The second violation is supported by the transcribed phone conversation which mentions Mr. Moore as being a source of money purportedly used in drug trade within the prison. The evidence supporting the two conduct violations also supports Mr. Moore's placement in TASC.

There is therefore no genuine issue of fact, and summary judgment was appropriate on Mr. Moore's retaliatory-discipline claims. See <u>Henderson v. Baird</u>, 29 F.3d 464, 469 (8th Cir. 1994) (claims of retaliation fail if alleged retaliatory-conduct violations were issued for actual violation of prison rule), <u>cert. denied</u>, 515 U.S. 1145 (1995); <u>Goff v. Burton</u>, 7 F.3d 734, 738-39 (8th Cir. 1993) (defendant may successfully defend retaliatory-discipline claim by showing "some evidence" that inmate actually committed rule violation), <u>cert. denied</u>, 512 U.S. 1209 (1994).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-