36 F.3d 1100
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Anthony GREEN, Appellant,
v.
George LOMBARDI; Gerald Higgins, Appellees.
 No. 94-1724.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 7, 1994.
Filed: September 26, 1994.
 
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Anthony Green, a Missouri inmate, appeals from the district court's[1] order granting summary judgment to defendants in this 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 Green filed an Informal Resolution Request (IRR) and a grievance with the prison, claiming he had not spent $32.05 debited from his inmate account. Green's cell was searched as part of the grievance investigation and a receipt for $32.05 was found. Green claimed he withdrew his grievance at this point due to "pressure and intimidation." On the basis of the receipt and his grievance, he was then disciplined for "attempting to defraud" the canteen. Green filed this action, alleging, as he did at his disciplinary hearing, that although he had selected for purchase from the prison canteen several items totaling $32.05 in price, he never received the items; therefore, $32.05 should not have been withdrawn from his account. Green argued defendants deprived him of funds in his prison account without due process and disciplined him for an institutional conduct violation he did not commit.
 
 
 3
 This court reviews de novo a grant of summary judgment and examines the record in the light most favorable to the non-moving party. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). We agree the district court correctly concluded that Green's property deprivation allegations did not amount to a constitutional violation because adequate state post- deprivation remedies were available. See Parratt v. Taylor, 451 U.S. 527, 543-44 (1981); Orebaugh v. Caspari, 910 F.2d 526, 527 (8th Cir. 1990) (per curiam). Green could have pursued a number of remedies in state court. See, e.g., Maples v. United Sav. & Loan Ass'n, 686 S.W.2d 525, 527 (Mo. Ct. App. 1985) (conversion); MFA Coop. Ass'n of Mansfield v. Murray, 365 S.W.2d 279, 285 (Mo. Ct. App. 1963) (replevin).
 
 
 4
 We further conclude the district court correctly found there was some evidence supporting the disciplinary determination. See Superintendent v. Hill, 472 U.S. 445, 454 (1985); Goff v. Dailey, 991 F.2d 1437, 1440 (8th Cir.) (due process met if any basis- in- fact to support actions of prison official), cert. denied, 114 S. Ct. 564 (1993). The disciplinary board based its decision on the receipt found in Green's cell, the canteen records, and Green's IRR and grievance. Although Green alleges the photocopied receipt defendants submitted in support of their summary judgment motion is not a copy of the original receipt, he does not dispute that the receipt relied on by the disciplinary board was found in his cell. While Green alleged his discipline was in retaliation for filing the IRR and the grievance, no claim of retaliation lies when an inmate engaged in the misconduct for which he was disciplined. See Orebaugh, 910 F.2d at 528.
 
 
 5
 Given our conclusion that Green's constitutional rights were not violated, we need not address the question of defendants' personal involvement. Nor need we address Green's argument, raised for the first time on appeal, that the conduct violation was not timely under prison regulations, see Singleton v. Wulff, 428 U.S. 106, 120-21 (1976); Morrow v. Greyhound Lines, Inc., 541 F.2d 713, 724 (8th Cir. 1976), but we note the conduct violation was issued the day Green received his grievance response-two days after the receipt was found in his cell.
 
 
 6
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable William A. Knox, United States Magistrate Judge for the Western District of Missouri, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. Sec. 636(c)