_____

No. 95-2472
_____

Patrick Ronald Russell,          *
                                 *
          Appellant,             *
                                 *
     v.                          *  Appeal from the United States
                                 *  District Court for the
Frank X. Hopkins; Mark J.        *  District of Nebraska.
Berglund; Francis E. Britten;    *       [UNPUBLISHED]
John Mitchell,                   *
                                 *
          Appellees.             *


                      _____

          Submitted:  February 2, 1996

              Filed:  February 7, 1996
                      _____

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
                      _____

PER CURIAM.


     Patrick Ronald Russell appeals from the district court's[1]
grant of summary judgment to defendants in his 42 U.S.C. § 1983
action against Nebraska State Penitentiary (NSP) officials Warden
Frank Hopkins, Officer Mark Berglund, Administrative Assistant
Fred Britten, and Superintendent of Construction/Maintenance Jon
Mitchell.  We affirm.


     Russell claimed his constitutional rights were violated when
Berglund confiscated hobby and shaving blades from Russell's cell
during a shakedown inspection, and then issued Russell a misconduct
report for possession of unauthorized materials in retaliation for

_____

     [1]The Honorable Richard G. Kopf, United States District Judge
for the District of Nebraska.

Russell's threats to sue Berglund for confiscating the blades. Russell also alleged that Britten and Mitchell, members of the institutional disciplinary committee, denied Russell due process when they refused to call Hobby Supervisor Marv Sefrna to testify at Russell's misconduct hearing as Russell requested. Russell claimed they also condoned Berglund's retaliation by finding Russell guilty of the possession charge, as did Hopkins by approving the disciplinary committee's findings.

Defendants moved for summary judgment and Russell did not respond. The district court granted defendants summary judgment, concluding that Berglund could not be liable for retaliation because Russell's behavior violated prison rules and warranted discipline; Britten and Mitchell could not be liable for failing to call Sefrna, because Sefrna had submitted a written statement and Russell had not objected to its use in lieu of live testimony; and Hopkins could not be liable because there was no evidence to link him to the disciplinary decision.

On appeal, Russell claims summary judgment was improper because he never received defendants' summary judgment motion, he should have been allowed an evidentiary hearing, and the judgment was based upon false information, because he did object to the use of Sefrna's statement. He also argues the district court judge was biased because Russell had filed complaints against him. Pursuant to both parties' requests, we enlarge the record to include the prison mail log and a copy of Russell's hobby card which allegedly authorized him to keep the confiscated blades in his cell.

We review de novo the district court's grant of summary judgment. See Beyerbach v. Sears, 49 F.3d 1324, 1325 (8th Cir. 1995). We assume, without deciding, that Russell did not receive the motion and supporting documents; however, Russell has indicated on appeal what he would have shown had he been given the opportunity to respond to the summary judgment motion. Presuming

-2-

that Russell could show what he alleges, we conclude that he has still failed to raise a genuine issue of material fact.

Prison officials may not retaliate against inmates for exercising their rights to access the courts. Russell's retaliation claim fails, however, because the alleged retaliatory misconduct charge was for an actual violation of prison rules or regulations. See Goff v. Burton, 7 F.3d 734, 736, 738 (8th Cir. 1993), cert. denied, 114 S. Ct. 2684 (1994). Defendants provided evidence that possession of blades in living quarters was not authorized when Berglund confiscated Russell's blades. Although Russell has submitted evidence that he was authorized to possess such blades in his living quarters in the past, he has not rebutted defendants' evidence that the policy had been changed prior to the confiscation incident. Thus, we find the disciplinary committee's decision was supported by some evidence. See Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994), cert. denied, 115 S. Ct. 2584 (1995).

We also conclude the district court correctly determined Britten and Mitchell were entitled to summary judgment. Britten attested that because Sefrna submitted a written statement, the committee determined Sefrna's presence was unnecessary and cumulative. We believe such a determination was within the committee's discretion. See Turner v. Caspari, 38 F.3d 388, 390-92 (8th Cir. 1994) (inmates do not have an absolute right to call live witnesses at disciplinary hearing; disciplinary board acted within its discretion when it relied on written statements instead of live testimony); Brown v. Frey, 889 F.2d 159, 167 (8th Cir. 1989) (committee acted within its discretion when it refused to call witness whose statement was already on file), cert. denied, 493 U.S. 1088 (1990). We note Russell has not indicated what testimony Sefrna might have contributed had he attended Russell's hearing that would have resulted in a different outcome for Russell.

-3-

Finally, we find the district court properly granted Hopkins summary judgment because there was no evidence linking Hopkins, as the warden, to the discipline Russell received.  See Brown v. Wallace, 957 F.2d 564, 566 (8th Cir. 1992) (per curiam) (doctrine of respondeat superior does not apply in civil rights cases). Russell's claims of judicial bias and entitlement to an evidentiary hearing are meritless.

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.