# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3505WM

_____

Edward Allen Moore,       *
      *
        Appellant,       *
      *
        v.       *
      *
Sam Plaster, Investigator; David       *
Williams, Investigator; D. Dormire,       *
Superintendent; Julie Koenigsfeld,       *
Librarian; Michael Groose, Assistant       *
Director; Dora Schriro, Director;       *
Jean Ann Johnson, Assistant       *
Superintendent; V. Conway,       *
Caseworker; R. McBee, Sergeant;       *    On Appeal from the United
Sherie Koreman; Caseworker; Kane,       *    States District Court
Sergeant; Mike Kemna, Superintendent;       *    for the Western District
Dan Greene, Arthur Wood,       *    of Missouri.
Caseworker; David Webster,       *
Caseworker; Gerald Bommel, Assistant       *
Superintendent; Darlene Wansing,       *
Finance Officer; J. Kumberg,       *
Caseworker, JCCC; Deborah Carroll,       *
Assistant Librarian at CrCC;       *
S. Saunders, Correctional Officer, II,       *
CrCC; Amy Gertz, Caseworker at       *
CrCC; Russell Hollowell, Caseworker       *
at CrCC; State of Missouri, and       *
Missouri Department of Corrections       *
and Human Resources,       *
      *
        Appellees.       *

_____

Submitted: July 20, 2001

Filed:   September 24, 2001
_____

Before MORRIS SHEPPARD ARNOLD, RICHARD S. ARNOLD, and BYE, Circuit
Judges.
_____

RICHARD S. ARNOLD, Circuit Judge.

Edward Allen Moore, a Missouri inmate, appeals the District Court's grant of summary judgment in favor of defendants, Sam Plaster, the State of Missouri, the Missouri Department of Corrections (MDC), and 22 MDC officials, in his 42 U.S.C. § 1983 suit alleging retaliation and various other claims under state and federal law. We affirm in part, reverse in part, and remand.

## I.  Background

Mr. Moore was incarcerated in Jefferson City Correctional Center and later transferred to Crossroads Correctional Center.  While at Jefferson City, Mr. Moore was placed in temporary administrative segregation confinement (TASC) for one week in July 1996 while prison officials investigated his possible violation of prison rule 11 (possession or use of an intoxicating substance).  Pursuant to the investigation, Investigator Plaster administered a lie detector test.  The defendants claim Mr. Moore failed the test, but Mr. Moore claims he passed.  In September of 1996, a disciplinary committee found Mr. Moore guilty of violating rule 11 and levied sanctions against him.

In February of 1997, Investigator Plaster issued Mr. Moore a rule 11 conduct violation.  According to his report, an investigation of a prison visitor led him to

conclude that Mr. Moore had conspired to smuggle contraband into the prison. After a hearing, the disciplinary committee found Mr. Moore guilty, and he was sanctioned. During the grievance process, this charge was expunged from his record.

In March of 1997, Mr. Moore spent three weeks in TASC. A temporary administrative confinement report states that Mr. Moore was placed in TASC for security reasons and for violating rule 11. Mr. Moore was then transferred to Crossroads.

At Crossroads, the prison's financial officer withdrew funds from Mr. Moore's prison account pursuant to 28 U.S.C. § 1915(b)(2) and (3)[1] for payment of court filing fees when his account balance was less than ten dollars. On another occasion, the prison improperly withdrew an excess of $39.00 from Mr. Moore's account.

Mr. Moore filed suit against the defendants in the District Court, advancing the following claims: (1) that the disciplinary charges were false and filed in retaliation for the exercise of his constitutional rights; (2) that he was denied meaningful access to the

---

[1]Under the Prisoner Litigation Reform Act, an inmate may file a civil action or an appeal *in forma pauperis*, but he must pay an initial partial filing fee. However,

> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
>
> (3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action or an appeal of a civil action or criminal judgment.

28 U.S.C. § 1915(b)(2) & (3).

courts; (3) that both withdrawals from his prison account were improper under 28 U.S.C. § 1915(b)(2) and a violation of the Due Process Clause; (4) that the superintendent of prisons failed to pay him for the month of September in 1997; (5) that the prison had an official policy of deducting money from prisoners' accounts in violation of 28 U.S.C. §§ 1915(b)(2) and (3); (6) that prison employees were liable for trespass, conversion, and inverse condemnation; (7) that 28 U.S.C. §§ 1915(b)(2) and (3) violate the Fifth and Eighth Amendments; (8) that the District Court for the Western District of Missouri had a de facto policy of excessive delay in prisoner cases, thereby violating the Due Process Clause; and (9) that 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(a) violate the First and Fifth Amendments. In addition, Mr. Moore asserted that federal jurisdiction existed on the basis of both 28 U.S.C. § 1331, federal question, and 28 U.S.C. § 1332, diversity of citizenship.

After discovery, the defendants filed a motion for summary judgment. The Court granted the motion on the retaliation claim, holding that the record disclosed sufficient evidence of Mr. Moore's violation of prison rules. Moore v. Plaster, No. 97-6163-CV-SJ-9-5-P, slip op. at 2-3 (W.D. Mo. Aug. 28, 2000). As to Mr. Moore's access-to-the-courts claim, the Court held that the plaintiff had not identified the "potential grounds he wished to raise [in his various post-judgment motions], thus making it impossible for this court to ascertain whether [he] possessed the requisite nonfrivolous claim[s]." Id. at 4 (alteration in original) (citation and internal quotation omitted).

As to Mr. Moore's claims under 28 U.S.C. § 1915(b), the Court found that his pay for September 1997 and the erroneously withdrawn $39.00 had later been credited to his prison account. The Court then granted summary judgment on all of Mr. Moore's federal claims, except his claim regarding the money withdrawn in violation of the ten-dollar exemption. Lastly, the Court ordered Mr. Moore to submit a pleading detailing which state law claims he advanced on the basis of diversity of citizenship and the amount of recovery sought. After receiving Mr. Moore's pleading, the Court held that it was satisfied, to a legal certainty, that Mr. Moore would not able to meet the statutory minimum for diversity of citizenship jurisdiction. In a separate order, the

Court held that as for the plaintiff's remaining claim under 42 U.S.C. § 1915(b)(2), there were state remedies to aid him in recovering money improperly withdrawn from his prison account; therefore, the claim was dismissed. Mr. Moore appealed.

## II. Analysis

We review a district court's grant of summary judgment de novo. Anderson v. Franklin County, 192 F.3d 1125, 1131 (8th Cir. 1999). Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). We have long recognized an inmate's cause of action for retaliatory discipline under 42 U.S.C. § 1983 where a prison official files disciplinary charges in retaliation for the inmate's exercise of his constitutional rights. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). However, claims of retaliation fail if the alleged retaliatory conduct violations were issued for the actual violation of a prison rule. Henderson v. Baird, 29 F.3d 464, 469 (8th Cir. 1994), cert. denied, 515 U.S. 1145 (1995). Thus, a defendant may successfully defend a retaliatory-discipline claim by showing "some evidence" that the inmate actually committed a rule violation. Goff v. Burton, 7 F.3d 734, 738 (8th Cir. 1993), cert. denied, 512 U.S. 1209 (1994); see also Superintendent v. Hill, 472 U.S. 445, 455 (1985).

On appeal, plaintiff asserts that the District Court erred in granting summary judgment on his retaliation claims, his access-to-the-courts claim, and his 28 U.S.C. § 1915(b) claims. He further contends that the Court erred in (1) holding that he failed to establish by a preponderance of the evidence that he could meet the statutory requirement for diversity of citizenship jurisdiction, (2) dismissing his constitutional challenges to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(a), and (3) ruling on several discovery motions. We agree that the Court erred in granting summary judgment on Mr. Moore's retaliatory-discipline claims. In all other respects, we affirm.

A.  Retaliatory Discipline Claims

There are three claims of retaliatory discipline at issue, one in September of 1996, one in February of 1997, and another in March of 1997.  Plaintiff contends that the District Court erred in holding that there was sufficient evidence to support the disciplinary committee's determination that he had violated prison rules on those three occasions.  We agree.  In our view, the record fails to contain "some evidence" that the disciplinary actions taken against Mr. Moore were for the actual violation of prison rules.

A conduct violation report completed by Investigator Plaster regarding the February 1997 conduct charge states,

> Connie Martin, visitor of inmate Ricky McCabe . . . was found to be in possession of narcotics inside [Jefferson City].  An investigation of this incident revealed that inmate Edward Moore conspired to have the narcotics brought into [Jefferson City].  This places inmate Edward Moore . . . in violation of rule #11 (Conspiracy to introduce narcotics into a correctional facility[)] [sic].  For further information see investigation file located in the [Jefferson City] Investigator's Office.

Defendants' Motion for Summary Judgment and Suggestions in Support, Exhibit E, at 1.  Neither the referenced investigative file nor a summary of its contents appears in the record.  There is no other information regarding any of the underlying facts in the record.  All we have is Mr. Plaster's report.  It contains accusations, but is not based on personal knowledge.  It does not even give the name of any witness who saw the alleged violation.  In our opinion, this report is only an accusation.  It does not qualify as "evidence."

As to the September 1996 disciplinary charge, the record contains a conduct violation report prepared by Investigator David Williams which states,

It has discovered [sic] through investigation that inmate Moore, Edward . . . has been trafficking narcotics in [Jefferson City]. For further information, see confidential file #204 in the investigator[']s office.

Inmate Moore was also administered a "CVSA" exam, or lie detector test, by investigator Sam Plaster, about his involvement in drug trafficking in [Jefferson City]. Investigator Plaster stated that inmate Moore failed the CVSA exam. For further information see investigator Plaster[']s report.

Defendants' Motion for Summary Judgment and Suggestions in Support, Exhibit C, at 5. A disciplinary action report states that some of the evidence relied on in finding Mr. Moore guilty was the observations of the reporting officer (we assume this means Investigator Williams) and his "statement that [Mr. Moore was] trafficking in controlled substances within the institution." Id. at 7. No other evidence regarding the underlying facts appears in the record.

We do not believe such conclusory statements, without more, constitute "some evidence" of plaintiff's having violated prison rules, especially in light of his claim that Investigator Plaster told him that the rule 11 charges were in retaliation for his grievances and civil actions against Investigator Plaster. Mr. Moore also claims that he passed the lie detector test, but Investigator Plaster indicated that the test results showed deception. There appears to be an issue of fact as to what the test showed. Ordinarily the Investigator's statement of the test results would be "some evidence," but here that very statement is itself alleged to be retaliatory. The disciplinary action report refers to "observations" by Investigator Williams, but the context indicates that "observe" is being used in the sense of "said," not "saw." Again, the conduct violation report is an accusation only. It is not evidence. The "confidential file" referred to is not in the record before us.

This case is distinguishable from other cases in which we have found that "some evidence" supported the challenged disciplinary action. See Cowans v. Warren, 150

F.3d 910, 912 (8th Cir. 1998) (plaintiff's complaint containing abusive language was "some evidence" of a violation of a rule against using abusive language); Earnest v. Courtney, 64 F.3d 365, 367 (8th Cir. 1995) (per curiam) (officer's affidavit, disciplinary report, and reliable confidential informants were "some evidence" of a rule violation); Henderson, 29 F.3d at 469 (prison officer's undisputed first-hand account of inmate's misconduct was "some evidence" of a violation); Orebaugh v. Caspari, 910 F.2d 526 (8th Cir. 1990) (plaintiff's admission to committing the offensive conduct was "some evidence" of actual rule violation);  Brown v. Frey, 807 F.2d 1407, 1414 (8th Cir. 1986) (prison officials' memorandum implicating plaintiff as a participant in a prison riot to which they were witnesses was "some evidence" of rule violation); Russell v. Hopkins, 76 F.3d 382, 1996 WL 47128, at *1 (8th Cir. Feb. 7, 1996) (per curiam) (unrebutted evidence of rule change disallowing possession of razor blades constituted "some evidence"); Green v. Lombardi, 36 F.3d 1100, 1994 WL 521105, at *1 (8th Cir. Sept. 26, 1994) (per curiam) (evidence found in plaintiff's cell, canteen records, and inmate's grievance was "some evidence" of actual infraction).

We do not hold that the disciplinary committee, on either occasion, did not have sufficient evidence *at the disciplinary hearing* to determine that Mr. Moore had violated prison rules.  Perhaps defendants on remand can produce such evidence.  We hold only that the record, as presented on appeal, lacks *any evidence* that the disciplinary action was warranted.

As to Mr. Moore's claim that his placement in TASC in March of 1997 was retaliatory, we think that a similar outcome is appropriate.  The record shows that one of the reasons for confinement was an alleged rule 11 violation, but no evidence to support the accusation appears.

B.  Meaningful Access to Courts Claim

Mr. Moore argues that while he was in TASC he was denied access to legal research material and trained legal assistance.  He claims that as a direct result one of his pending appeals was dismissed and another case was dismissed because he was unable to file an adequate reply brief.

To succeed in an access-to-courts claim, a plaintiff must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded," Johnson v. Missouri, 142 F.3d 1087, 1089 (8th Cir. 1998 ) (quoting Lewis v. Casey, 518 U.S. 343, 353 (1996)), and that he has suffered an actual injury. Klinger v. Department of Corrections, 107 F.3d 609, 617 (8th Cir. 1997).  Here, Mr. Moore has not made a showing that either of his dismissed cases was nonfrivolous.

C.  Other Claims

As to Mr. Moore's other federal claims, we think that summary judgment was proper.  Mr. Moore may use state-law remedies to recover money that was improperly deducted from his prison account.  See Wilson v. Schriro, 952 S.W.2d 806, 807 (Mo. App. 1997) (per curiam) (prison inmate filed replevin action to recover money taken from his prison account).  Likewise, we have upheld the constitutionality of 28 U.S.C. § 1915A.  See Murray v. Dosal, 150 F.3d 814 (8th Cir. 1998), cert. denied, 526 U.S. 1070 (1999); Lyon v. Krol, 127 F.3d 763 (8th Cir. 1997).

Similarly, we find no error in the Court's determination that Mr. Moore did not demonstrate by a preponderance of the evidence that his state-law claims met the statutory minimum to establish diversity of citizenship jurisdiction.  See Missouri ex rel. Pemiscot County v. Western Surety Co., 51 F.3d 170, 173 (8th Cir. 1995) (holding that if "the court is satisfied to a [legal] certainty that the plaintiff never was entitled to recover that amount, . . . the suit will be dismissed") (alteration in original) (citation and

internal quotation omitted).  Nor do we think that the Court abused its discretion in ruling on the contested discovery motions.

## III.  Conclusion

The judgment of the District Court as to Mr. Moore's claims of retaliatory discipline is reversed, and the case remanded for further proceedings consistent with this opinion.  As to Mr. Moore's other assignments of error, the judgment of the District Court is affirmed.

It is so ordered.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.