# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 96-4032

———————

Chris Cowans,                                                    *
                                                                *
        Appellant,                                        *
                                                                *
    v.                                                        *   Appeal from the United States
                                                                *   District Court for the
Morgan Warren; Fred Johnson; Allen      *   Eastern District of Missouri
Luebbers; George Brown; Don Roper;   *
William Major; Larry Youngman,         *          [PUBLISHED]
                                                                *
        Appellees.                                        *

———————

Submitted:  December 26, 1997

Filed:  July 30, 1998

———————

Before McMILLIAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

———————

PER CURIAM.

      Chris Cowans appeals from the final order of the United States District Court[1] for the Eastern District of Missouri granting summary judgment to several defendants and dismissing without prejudice other claims in this 42 U.S.C. § 1983 action.  For the reasons discussed below, we affirm the judgment of the district court.

---

[1]The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri.

After Cowans was found guilty of a conduct violation, he filed an inmate Informal Resolution Request (IRR) further challenging the charge and accusing correctional officers Morgan Warren and George Brown of directing racial slurs at him. In the IRR he also described them as "racist," "supremacist," and "dogs." Brown and Warren each issued Cowans a conduct violation for insulting behavior and false information, based on the derogatory language in the IRR. Following hearings on both violations, Cowans was found guilty of violating Rule #21--insulting behavior, and was sentenced to ten days in disciplinary segregation on one of the violations. He received a ten-day suspended sentence on the other. When Cowans filed a second IRR complaining that Warren and Brown were retaliating against him and again calling them racists and "dogs who bark up the wrong tree," Warren issued Cowans another conduct violation for insulting behavior and false information. Cowans was again found guilty of engaging in insulting behavior and received another ten-day suspended sentence. Warden Don Roper dismissed and expunged one of the disciplinary sanctions as a result of a grievance settlement.

In a second amended complaint, with the assistance of appointed counsel, Cowans claimed that Warren, Brown, and several other prison officials--who investigated the conduct violations and participated in the disciplinary proceedings that followed--retaliated against him in violation of his First Amendment rights. He also claimed defendants violated his Eighth and Fourteenth Amendment rights.

The district court granted defendants' motion for summary judgment concluding that Cowans's retaliation claims failed because he was disciplined for actual violations of institutional rules prohibiting insulting behavior[2] and there was some evidence to support the violations. To the extent Cowans also alleged a separate and distinct claim that his First Amendment right to petition the government for redress of grievances was

---

[2]Institutional Rule #21 prohibits "[u]sing abusive or obscene language . . . or making a written or verbal statement which annoys, offends, or intimidates."

-2-

"chilled" by defendants' actions, the district court concluded defendants were entitled to qualified immunity. The district court found it reasonable for defendants to rely on our decision in <u>Orebaugh v. Caspari</u>, 910 F.2d 526, 528 (8th Cir. 1990) (per curiam) (no retaliation claim can be stated when alleged retaliation arises from actual violation of regulations), and the law was not clearly established in 1993 (if it ever was) that disciplining an inmate for an actual rule violation could run afoul of constitutional requirements. The district court dismissed without prejudice Cowans's Eighth and Fourteenth Amendment claim, concluding he did not assert sufficient facts to state a claim.

Regarding the retaliation claim, we have held that the filing of a false disciplinary charge against an inmate is actionable under § 1983 if done in retaliation for the inmate's filing of a grievance. <u>See</u> <u>Sprouse v. Babcock</u>, 870 F.2d 450, 452 (8th Cir. 1989). The inmate in <u>Sprouse</u> was disciplined for making a false statement in a grievance. <u>Id.</u> at 451. We stated that "[p]rison officials cannot properly bring a disciplinary action against a prisoner for filing a grievance that is determined by those officials to be without merit anymore than they can properly bring a disciplinary action against a prisoner for filing a lawsuit that is judicially determined to be without merit." <u>Id.</u> at 452. This correct statement of the law is inapplicable in this case.

After <u>Sprouse</u>, we decided <u>Orebaugh</u>, a case in which an inmate alleged that disciplinary action taken against him for conduct unrelated to his grievance was nonetheless taken in retaliation for filing the grievance. 910 F.2d at 527. In affirming the dismissal of Orebaugh's § 1983 action, we reaffirmed our holding in <u>Sprouse</u>, but concluded that an inmate may not state a claim of retaliation where the "discipline [was] imparted for acts that a prisoner was not entitled to perform." <u>Id.</u> at 528. Decisions since <u>Orebaugh</u> have relied on this principle in concluding that where an inmate has violated an actual prison rule, no retaliation claim can be stated. <u>See, e.g.</u>, <u>Earnest v. Courtney</u>, 64 F.3d 365, 366-67 (8th Cir. 1995) (per curiam) (assignment to utility squad for gambling not retaliatory); <u>Henderson v. Baird</u>, 29 F.3d 464, 465, 469

-3-

(8th Cir. 1994) (assault charge not in retaliation for reporting harassment to FBI); <u>Goff v. Burton</u>, 7 F.3d 734, 738 (8th Cir. 1993) (alleged retaliatory transfer). In none of these cases was the conduct which formed the basis for the alleged retaliatory action related to the original grievance. We again reaffirmed <u>Sprouse</u> in <u>Dixon v. Brown</u>, 38 F.3d 379, 379-80 (8th Cir. 1994), holding that proof of an independent injury is not required where an inmate proves that a false disciplinary charge was filed against him in retaliation for filing a grievance.

We conclude that the facts here are partially analogous to <u>Sprouse</u>, as they involve disciplinary actions taken for conduct directly related to the filing of a prisoner grievance. However, that is not the factual distinction of importance. In this case, as in <u>Orebaugh</u>, we do not deal with "false disciplinary reports" by prison officials, <u>id.</u> at 528, but, rather, accurate claims by Warren and Brown that Cowans was guilty of violation of Rule #21 for using abusive and insulting language, language not necessary for the advancement of Cowans's underlying IRR's. In such circumstances Cowans does not state a claim for retaliation, and, thus, there is no constitutional violation alleged. Cowans's other claims are, likewise, without merit.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.