

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-17-2007

# Corliss v. Varner

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2328

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Corliss v. Varner" (2007). *2007 Decisions.* Paper 428.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/428

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2328
_____

JUSTIN M. CORLISS,

Apellant

v.

SUPERINTENDENT BEN VARNER;
JOHN CRIDER; DAVID WAKEFIELD;
CAPT. ROBERT GLENNY;
TIM MCCAULEY; GUARD LEAR; R. JOHNS
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civil No. 02-cv-00282)
District Judge: Honorable John E. Jones, III
_____

Submitted Under Third Circuit LAR 34.1(a)
May 16, 2007

Before: BARRY, CHAGARES AND ROTH, <u>CIRCUIT JUDGES</u>

(Filed: September 17, 2007)

_____

OPINION
_____

PER CURIAM

Justin Corliss appeals the grant of summary judgment in favor of the defendants by the District Court for the Middle District of Pennsylvania.

## I.

As the parties are familiar with the background of this case, we will only summarize those facts relevant to the disposition of this appeal. In 2002, Corliss, a former inmate at the Pennsylvania State Correctional Institution at Smithfield, filed a civil rights complaint alleging that from July 2001 to the date of his complaint the Warden and other prison officials (hereinafter "SCI") undertook a "course of conduct to retaliate against [him] due to [his] diligent attempts to redress prison staff malfeasance." Appendix, Complaint at ¶ 11. SCI filed a motion to dismiss the complaint for failure to exhaust administrative remedies. The District Court denied the motion, finding that SCI did not indicate whether Corliss had exhausted the retaliation claims presently before the court.

Corliss and SCI filed motions for summary judgment. The District Court granted summary judgment for SCI, finding that Corliss had not exhausted his administrative remedies, and as to certain incidents of SCI's alleged misconduct Corliss had not established a First Amendment retaliation claim. The District Court denied Corliss' motion for reconsideration, and Corliss filed a timely notice of appeal.

## II.

We have jurisdiction pursuant 28 U.S.C. § 1291. Our review of the District

Court's grant of summary judgment is plenary. <u>Saldana v. Kmart Corp.</u>, 260 F.3d 228, 231 (3d Cir. 2001). Summary judgment is proper only if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the nonmoving party, the moving party is entitled to judgment as a matter of law. <u>Id</u>. at 232. When opposing summary judgment, the nonmovant may not rest upon mere allegations, but rather must "identify those facts of record which would contradict the facts identified by the movant." <u>Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co.</u>, 311 F.3d 226, 233 (3d Cir. 2003).

### III.

Before filing suit in federal court, a prisoner must properly exhaust all available administrative remedies. 28 U.S.C. § 1997e(a); <u>Woodford v. Ngo</u>, 126 S. Ct. 2378, 2387 (2006). We agree with the District Court that Corliss' grievances either failed to allege retaliation or if they alleged retaliation were not <u>properly</u> exhausted. <u>See id</u>. at 2388.

Corliss' attempts to avoid the exhaustion requirement are without merit. Appellant Brief at 8-12; Appellant's Reply Brief at 1-5. The exhaustion requirement applies to "all inmate suits about prison life", and therefore applies to Corliss' retaliation claim. <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002). Although Corliss is correct that exhaustion is an affirmative defense that can be waived, <u>see</u> <u>Ray v. Kertes</u>, 285 F.3d 287, 295 (3d Cir. 2002), contrary to Corliss' assertion SCI did raise an exhaustion defense, <u>see</u> Defendent's Brief in Support of Motion for Summary Judgment at 6 - 11. Corliss' reliance on the 'law of the case' doctrine is misplaced. <u>See</u> <u>Behrens. v. Pelletier</u>, 516 U.S. 299, 309 (1996) (finding law of the case doctrine inapplicable where the legally relevant factors differ

3

between a motion to dismiss, which relies on plaintiff's allegations in his complaint, and a motion for summary judgment which relies on the evidence in the record); Robbins v. Wilkie, 433 F.3d 755, 764 (10th Cir. 2006) (same). We have considered Corliss' remaining challenges to exhaustion, and reject them without further discussion.

We also agree with the District Court that Corliss' exhausted claims challenging the misconduct reports do not survive summary judgment. To establish a retaliation claim, an inmate must demonstrate that he engaged in constitutionally protected conduct, that he suffered some adverse action by the prison officials, and that the protected conduct was a substantial or motivating factor in the taking of adverse action against the inmate. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). If the inmate satisfies his burden, the defendants may still prevail if they prove by a preponderance of the evidence that they would have taken the same action absent the protected conduct. Id. at 333-34.

A prisoner's constitutional rights are limited. Shaw v. Murphy, 532 U.S. 223, 229 (2001). The Department of Correction's regulation prohibiting "abusive, obscene or inappropriate language", Defendants' Exhibit B-2 (DC-ADM 801),[1] is a permissible restriction on an inmate's constitutional rights. See Cowans v. Warren, 150 F.3d 910, 912 (8th Cir. 1998); Ustrack v. Faiman, 781 F.2d 573, 580 (7th Cir. 1986). As recognized by the District Court, both Corliss' inmate request form and his letter to the psychology department employee clearly contained such abusive and inappropriate language.

---

[1] Citations to "Defendants' Exhibit" refer to the exhibits submitted in support of the defendants' motion for summary judgment.

4

Defendants' Exhibit B-3 (inmate request form, Misconduct Report 579443); Exhibit B-4 (letter, Misconduct Report 740309). Corliss argues that the letter only contained opinions and suggestions, and was written in confidence. Defendants' Exhibit B-4 (misconduct appeal). This argument is without merit. The regulation clearly prohibits the improper language regardless of its purpose or intent. See Defendants' Exhibit B-2 (DC-ADM 801).

With respect to Corliss' misconduct for fighting with his cell mate, Kent Smith,[2] and the misconduct for failure to obey an order, the guards who issued the reports are not parties to this suit. See Defendants' Exhibit B-6 (fighting, Misconduct Report A228145); id. Exhibit B-7 (failure to obey order, Misconduct Report A260249); Appendix, Statement of Facts in Opposition at ¶¶ 89, 91, 95, 105-06. Moreover, regardless of whether Corliss can demonstrate that these misconduct reports were substantially motivated by protected conduct, SCI has provided adequate evidence that it would have otherwise issued the reports for legitimate penological reasons. SCI provided the medical reports supporting their finding that both Corliss and Smith were active participants in the altercation. See Rauser, 241 F.3d at 344. Although Corliss asserts that Smith likely incurred some of his injuries during a prior fight with another individual, Corliss does not provide any evidence in support of this allegation. See Appellant's Appendix, Statement of Facts in Opposition at ¶ 93. SCI also provided the misconduct reports supporting the

---

[2] As indicated above, Corliss' grievance challenging this cell assignment was not properly exhausted.

5

charge that Corliss failed to obey the order to uncover the light. Defendants' Exhibit B-7. Again, Corliss has provided no evidence to support his assertion that the misconduct report was improper. <u>See</u> <u>Fireman's Ins. Co. v. DuFresne</u>, 676 F.2d 965, 969 (3d Cir. 1982) (party opposing summary judgment may not rely merely upon bare assertions, conclusory allegations, or suspicions).

Accordingly, for all the reasons stated, we agree with the District Court's conclusion that SCI is entitled to summary judgment.