# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2634
_____

Alan Cole Onstad

*Plaintiff - Appellant*

v.

Ray Hobbs, Director, Arkansas Department of Correction; Larry Mays, Deputy Director, Arkansas Department of Correction; Danny Burl, Warden, East Arkansas Regional Unit, ADC; Todd Ball, Deputy Warden, East Arkansas Regional Unit, ADC; Dexter Payne, Deputy Warden, East Arkansas Regional Unit, ADC; Raymond Naylor, Disciplinary Hearing Administrator, Arkansas Department of Correction; John Doe, Disciplinary Hearing Judges, Arkansas Department of Correction; Joanna Franklin, Arkansas Department of Correction (originally sued as Doe); Takelia McDaniel; Keith Waddle, Arkansas Department of Correction (originally named as John Doe); Lathan Ester, Arkansas Department of Correction (originally named as John Doe); Essie Clay, Arkansas Department of Correction (originally named as John Doe); Lorrie Taylor, Arkansas Department of Correction (originally named as John Doe); Justine Minor, Arkansas Department of Correction (originally named as John Doe)

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Helena

_____

Submitted: February 20, 2015
Filed: June 5, 2015
[Unpublished]

Before SMITH, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Alan Onstad appeals the adverse grant of summary judgment by the district court[1] in his 42 U.S.C. § 1983 action alleging (1) he suffered due process violations, because he was not permitted to call a witness at his disciplinary hearings; (2) he was charged with disciplinary violations in retaliation for exercising his constitutional rights; and (3) he suffered cruel and unusual punishment, because he was confined under constant 24-hour lighting. Upon careful de novo review, see Rochling v. Dep't of Veterans Affairs, 725 F.3d 927, 937 (8th Cir. 2013), we affirm.

First, we agree with the district court that Onstad did not allege that he had suffered a deprivation of liberty sufficient to implicate his due process rights. See Sandin v. Connor, 515 U.S. 472, 485-86 (1995) (to state due process claim, prisoner must allege deprivation of liberty in way that imposes atypical and significant hardship in relation to ordinary incidents of prison life). We also agree that Onstad's retaliatory-discipline claim fails, because the record indicates he was found guilty of one of three charged rules violations arising out of a single incident. See Hartsfield v. Nichols, 511 F.3d 826, 829 (8th Cir. 2008) (defendant may successfully defend retaliatory-discipline claim by showing "some evidence" inmate actually committed rule violation; report from correctional officer, even if disputed by inmate and supported by no other evidence, suffices as "some evidence" if found by impartial

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

-2-

decisionmaker); <u>Cowans v. Warren</u>, 150 F.3d 910, 912 (8th Cir. 1998) (per curiam) (where inmate has violated actual prison rule, no retaliation claim can be stated).

Finally, we conclude that defendant Danny Burl--the only defendant Onstad directly implicated in his constant-illumination claim--is entitled to qualified immunity as to that claim. <u>See</u> <u>Fullington v. Pfizer, Inc.</u>, 720 F.3d 739, 747 (8th Cir. 2013) (court of appeals may affirm on any basis supported by record). In prior cases, we found no constitutional violation when prison officials subjected prisoners to constant lighting in circumstances where, as here, defendants proffered an explanation for why it was necessary. <u>See</u> <u>Ferguson v. Cape Girardeau Cnty.</u>, 88 F.3d 647, 650 (8th Cir. 1996); <u>O'Donnell v. Thomas</u>, 826 F.3d 788, 790 (8th Cir. 1987). Thus, Onstad did not show that Burl violated a clearly established constitutional right of which a reasonable person would have known. <u>See</u> <u>Tolan v. Cotton</u>, 134 S. Ct. 1861, 1866 (2014) (per curiam) (officials are shielded from liability for civil damages if their actions did not violate clearly established rights of which reasonable person would have known); <u>cf.</u> <u>Chappell v. Mandeville</u>, 706 F.3d 1052, 1057-60 (9th Cir. 2013) (it was not clearly established that subjecting prison inmate to 24-hour lighting violated Eighth Amendment, and thus prison officials were entitled to qualified immunity, where record showed officials used lighting for penological purpose).

Accordingly, we affirm. <u>See</u> 8th Cir. 47B.

_____