**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GARY WAYNE TURNER,

Plaintiff - Appellant,

v.

FRANCES FALK, Warden; ROBERT
BUTCHER, Major; JACKSON,
Lieutenant; INFANTE, Lieutenant,

Defendants - Appellees.

No. 15-1010
(D.C. No. 1:13-CV-02957-PAB-MJW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Gary Wayne Turner is a Colorado Department of Corrections (CDOC) inmate.

Proceeding pro se, he sued several prison employees under 42 U.S.C. § 1983, arguing

they retaliated against him for exercising his First Amendment right to free speech.

The district court dismissed Turner's claims for various reasons. Turner now appeals

and we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Turner had the opportunity to take a college-level "customer services" course in prison. As part of the course, the instructor directed her students to write an essay applying "the Eight Steps of Conflict Partnership" discussed in class. R. at 24. Turner's instructor previously had warned the class against making inappropriate comments, and she provided detailed instructions for completing the assignment, including examples of appropriate essay subjects. Nevertheless, Turner submitted an essay titled "Domestic Violence – The Myth," in which he expressed a desire to "slap the shit out of" and have anal sex with a woman. R. at 24-25. As a result, Turner was no longer allowed to participate in the course and he was disciplined for violating the prison's rule prohibiting sexual harassment.

Turner subsequently sued his instructor[1] and other prison employees alleging First Amendment retaliation under 42 U.S.C. § 1983. The district court dismissed Turner's claims against his instructor for untimely service. The remaining defendants filed a motion to dismiss, arguing Turner's amended complaint failed to state a viable claim for relief, Fed. R. Civ. P. 12(b)(6), and also arguing they were entitled to qualified immunity. The district court granted the motion and dismissed Turner's remaining claims.

---

[1] Turner sued his instructor under the names "Teacher I. Ms. Sharp" and "Teacher I. Ms. Dummit."

On appeal, Turner argues the district court erred in dismissing his claims against his instructor and in granting the remaining defendants' motion to dismiss. We lack jurisdiction to address Turner's first argument and reject his second.

## II. Jurisdiction and Standard of Review

Our jurisdiction is limited to reviewing orders designated in the notice of appeal. *See* Fed. R. App. P. 3(c)(1)(B); *Foote v. Spiegel*, 118 F.3d 1416, 1422 (10th Cir. 1997). Turner's notice challenges only the district court's ruling on the defendants' "motion to dismiss amended complaint." We can't fairly infer an intent to challenge any other orders or the final judgment. *See Sines v. Wilner*, 609 F.3d 1070, 1074 (10th Cir. 2010) ("A mistake in designating the judgment appealed from is not always fatal, so long as the intent to appeal from a specific ruling can fairly be inferred by probing the notice and the other party was not misled or prejudiced." (internal quotation marks omitted)). We therefore limit our review to the order granting the defendants' motion to dismiss Turner's amended complaint.

We review the district court's ruling on a motion to dismiss de novo. *Gee v. Pacheco*, 627 F.3d 1178, 1183 (10th Cir. 2010).

## III. Analysis

Turner argues the district court erred in granting the defendants' motion to dismiss because his complaint contained factual allegations sufficient to support a First Amendment retaliation claim and to overcome a qualified immunity defense.

3

Further, he contends the court should have ruled on the constitutionality of his essay.[2]

We agree with the district court that Turner's complaint failed to state a plausible

claim for relief and we thus affirm its decision without addressing Turner's other

arguments.

A complaint must contain "a short and plain statement of the claim showing

that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion

to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face." *Gee*, 627 F.3d at 1184 (quoting

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A claim is facially plausible when the court

can draw a reasonable inference from the facts alleged that the defendants are liable.

*See id.*

To prove the defendants' liability for retaliation, Turner was required to show:

(1) he was engaged in a constitutionally protected activity; (2) the defendants caused

him "to suffer an injury that would chill a person of ordinary firmness from

continuing to engage in that activity"; and (3) the defendants' action "was

substantially motivated as a response to [Turner's] exercise of constitutionally

protected conduct." *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

To satisfy the third prong, Turner was required to show that "but for the retaliatory

motive, the incidents to which he refers, including the disciplinary action, would not

have taken place." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998).

---

[2] Turner filed his brief pro se, so we construe his arguments liberally. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

The district court focused on the third prong, concluding Turner failed to state a plausible claim that he wouldn't have been disciplined "but for the [defendants'] retaliatory motive." *See id*. We agree. Turner admitted in his complaint that he disobeyed instructions and violated prison rules, prompting the defendants to discipline him. Specifically, Turner acknowledged that he "chose to violate the [teacher's] instructions . . . and was terminated [from class] for that reason," and that he was convicted of violating the prison's Code of Penal Discipline because he "subject[ed] another person to written statements of a sexual nature." R. at 89, 92. Because we can't reasonably infer from Turner's allegations that the defendants had a retaliatory motive—much less acted upon it—we conclude the district court did not err in dismissing Turner's complaint on this ground.

Notably, the district court could have also dismissed Turner's complaint for failing to satisfy the first prong, which requires a plaintiff to show he was engaged in a constitutionally protected activity, *see Shero*, 510 F.3d at 1203. Prisons are unique. "Government conduct that would be unacceptable, even outrageous, in another setting may be acceptable, even necessary, in a prison." *Gee*, 627 F.3d at 1185. "[P]risoners' rights may be restricted in ways that would raise grave First Amendment concerns outside the prison context." *Id*. at 1187 (quoting *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)). "Consequently, a prisoner claim will often not be plausible unless it recites facts that might well be unnecessary in other contexts." *Id*. at 1185.

5

An inmate does not have a First Amendment right to make violent, explicit, or harassing statements, at least when he has been warned not to. *See Kervin v. Barnes*, 787 F.3d 833, 835 (7th Cir. 2015) (concluding that "backtalk by prison inmates to guards, like other speech that violates prison discipline, is not constitutionally protected"); *Lockett v. Suardini*, 526 F.3d 866, 874 (6th Cir. 2008) (holding that prisoner's characterization of hearing officer as "a foul and corrupted bitch" violated prison regulation prohibiting insolent behavior and wasn't protected by the First Amendment); *Cowans v. Warren*, 150 F.3d 910, 912 (8th Cir. 1998) (concluding that prisoner disciplined for "using abusive and insulting language" in violation of prison rule failed to state claim for retaliation because he was disciplined for acts he wasn't entitled to perform); *Ustrak v. Fairman*, 781 F.2d 573, 580 (7th Cir. 1986) (finding that a prison rule prohibiting "being disrespectful to any employee of the institution . . . swearing, cursing, or us[ing] . . . any other vulgar, abusive, insolent, threating, or improper language" did not violate an inmate's First Amendment rights).

As these cases illustrate, prison restrictions on inmate expression are common. Therefore, to raise a plausible claim, an inmate must allege facts showing that an imposed restriction violated prison regulations or that the restriction was unconstitutional under the circumstances. *See Gee*, 627 F.3d at 1190.

Turner's allegations do neither. Rather, he generally asserts that various prison employees violated his First Amendment rights by dismissing him from the course and disciplining him. His complaint does not raise a plausible claim that the

6

First Amendment protects an inmate's right to submit a violent, sexually explicit essay after being instructed against it, and therefore fails on this ground as well.

Because Turner's complaint does not allege facts sufficient to support a First Amendment retaliation claim, we affirm the district court's order granting the defendants' motion to dismiss. Having concluded the district court properly dismissed Turner's complaint, we need not address his remaining claims regarding qualified immunity and the court's failure to rule on the constitutionality of his essay.

We grant Turner's renewed motion to proceed without prepayment of fees, but remind him he must continue making partial payments until the entire fee has been paid.

Entered for the Court


Nancy L. Moritz
Circuit Judge