# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-3492

_____

Stephen Cavanaugh

*Plaintiff - Appellant*

v.

Hall County Department of Corrections; Fred Ruiz, Director; Jimmy Vann,
Assistant Director; Darla Sparr, Sgt.; Carol Castleberry, Sgt.; Jason Conley, Sgt.;
Debb Rea, Sgt.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: July 5, 2015
Filed: July 14, 2016
[Unpublished]

_____

Before COLLOTON, GRUENDER, and KELLY, Circuit Judges.

_____

PER CURIAM.

In this 42 U.S.C. § 1983 action, Nebraska prisoner Stephen Cavanaugh appeals after the district court[1] ruled adversely on his discovery-related motions, his motions seeking leave to amend his complaint, and the parties' cross-motions for summary judgment.

To begin, we conclude that the district court did not abuse its discretion by denying Cavanaugh's discovery-related motions or his motions seeking leave to amend his complaint. *See Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006) (district court has broad discretion in establishing and enforcing progression order deadlines); *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998) (denial of motion to amend complaint reviewed for abuse of discretion).

We further conclude that the district court properly granted summary judgment in favor of defendants. *See Crain v. Bd. of Police Comm'rs*, 920 F.2d 1402, 1405-06 (8th Cir. 1990) (de novo standard of review). Specifically, we agree that Cavanaugh effectively sued only Hall County, *see Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999), and that he failed as a matter of law to establish Hall County's liability, *see Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (plaintiff seeking to impose liability on municipality under § 1983 is required to identify municipal policy or custom that caused injury); *see also Bernini v. City of St. Paul*, 665 F.3d 997, 1007-08 (8th Cir. 2012) (discussing liability based on official's policymaking authority); *Cowans v. Warren*, 150 F.3d 910, 911-12 (8th Cir. 1998) (per curiam) (inmate may not state claim of retaliation where discipline was imparted for acts that prisoner was not entitled to perform).

Accordingly, we affirm. *See* 8th Cir. R. 47B.

_____

_____

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.