FILED
United States Court of Appeals
Tenth Circuit

March 22, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GREGORY D. CROSBY, a/k/a Gregory
D. Cosby,

    Petitioner - Appellant,

v.

JACK FOX, Warden,

    Respondent - Appellee.

No. 18-1001
(D.C. No. 1:17-CV-00473-STV)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Gregory Crosby, a federal prisoner, appeals the district court's denial of his

habeas petition brought under 28 U.S.C. § 2241. Exercising jurisdiction under 28

U.S.C. § 1291, we affirm.

**I**

An incident report alleged that, on May 20, 2016, while incarcerated at a

federal penitentiary in Pennsylvania, Crosby committed three violations: interfering

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

with staff, refusing an order, and insolence. According to the report, Crosby refused to return a food tray when ordered to do so, and responded to a correctional officer: "Fuck you, you white ass country cracker you will get them back when I'm good and ready." Crosby was advised of his rights related to the disciplinary process and given the opportunity to respond.

The report was referred to the Unit Disciplinary Committee for a hearing before the Discipline Hearing Officer ("DHO"). Although the DHO dismissed the charge of interfering with staff, he found that Crosby committed the remaining violations. As to each violation, the DHO imposed a loss of fourteen days of good conduct time; fifteen days of disciplinary segregation; and a loss of ninety days of commissary, telephone, and visiting privileges.

Crosby then filed a 28 U.S.C. § 2241 application for habeas relief in district court.[1] In an amended application, Crosby challenged the disciplinary proceeding on several grounds. After ordering a response, the district court denied Crosby's application. This timely appeal followed.

## II

Because Crosby is a federal prisoner, "a certificate of appealability is not required to consider the district court's denial of a writ under 28 U.S.C. § 2241." Bledsoe v. United States, 384 F.3d 1232, 1235 (10th Cir. 2004). "When reviewing

---

[1] Crosby originally filed in the U.S. District Court for the Middle District of Pennsylvania, but in November 2016 he was transferred to the federal penitentiary in Florence, Colorado. The case was accordingly transferred to the U.S. District Court for the District of Colorado.

2

the denial of a habeas petition under § 2241, we review the district court's legal conclusions de novo and accept its factual findings unless clearly erroneous." al-Marri v. Davis, 714 F.3d 1183, 1186 (10th Cir. 2013).

"It is well settled that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment." Howard v. U.S. Bureau of Prisons, 487 F.3d 808, 811 (10th Cir. 2007) (quotations omitted). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). But due process does require "notice of the charges, an opportunity to present witnesses and evidence in defense of those charges, and a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Gwinn v. Awmiller, 354 F.3d 1211, 1219 (10th Cir. 2004). Moreover, "there must be some evidence to support the panel's decision, and the decisionmaker must be impartial." Id. (citation omitted).

On appeal, Crosby argues that there was insufficient evidence in the record to support the DHO's decision.[2] Specifically, he objects to the correctional officer's account of events. But for purposes of this appeal, "the relevant question is whether there is any evidence in the record that could support the conclusion reached" by the DHO. Howard, 487 F.3d at 812. That standard is satisfied. The DHO determined

---

[2] Because Crosby is pro se, we hold his pleadings to "a less stringent standard than formal pleadings drafted by lawyers" but do not "assume the role of advocate for" him. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

3

that the factual averment of the correctional officer was credible—a decision that the DHO was entitled to make. See Mitchell v. Maynard, 80 F.3d 1433, 1443 (10th Cir. 1996).

Crosby also argues that that his obscene statement to the correctional officer consisted only of non-insolent words protected by the First Amendment. But "backtalk by prison inmates to guards . . . is not constitutionally protected." Kervin v. Barnes, 787 F.3d 833, 834 (7th Cir. 2015); see also Turner v. Falk, 632 F. App'x 457, 460 (10th Cir. 2015) (unpublished) (collecting cases). Crosby insists that the DHO failed to consider the benign definition of "cracker" offered in the dictionary. But the DHO did consider this argument; he simply was not persuaded by it.

## III

**AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

4