NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2987
_____

JOSHUA ROBINSON,
                                        Appellant

v.

PALCO, Dietary Staff; HIXSON, Dietary Staff; BIAN, C.O.;
KENT, C.O.; JOHN CREE, PCM; GROVE, Mjr.; SEANOR, Security Capt.;
C.O. BEERS, Security Lt.; JOHN DOE of The Somerset PA. State Police; WORKMAN,
Dietary Staff; KAWCHAK, Dietary Staff; WIGGINS, Misc. Hearing Examiner;
MCDERMOTT, Dietary Staff Member; MICHELLE HOUSER, Deputy Superintendent;
KEN HOLLIBAUGH, Deputy Superintendent; MICHAEL G. TSIKALAS, Deputy
Superintendent; JAMEY P. LUTHER, Superintendent; MELISSA HAINSWORTH,
Superintendent; DAVID G. RADZICWICZ, PREA Coordinator; ZACHARY J.
MOSLAK, Chief Misc. Appeal Officer; VERNA, Chief Griev. Appeal Officer; JOHN E.
WETZEL, Sec. of D.O.C.; MARK BECKER, PREA Lt.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3-19-cv-00056)
District Judge: Honorable Stephanie L. Haines
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 6, 2022

Before: MCKEE, SHWARTZ and MATEY, Circuit Judges

(Opinion filed: July 29, 2022)

_____

_____

**PER CURIAM**

Joshua Robinson appeals pro se from the order of the United States District Court for the Western District of Pennsylvania dismissing his amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) for failure to state a claim on which relief may be granted.

In 2019, Robinson filed a complaint against the defendants under 42 U.S.C. § 1983, claiming, inter alia, that they violated his rights under the First, Fourth, Eighth, and Fourteenth Amendments, engaged in a civil conspiracy, and obstructed justice. His claims primarily related to searches of his person and subsequent related events while he was an inmate at the State Correctional Institution at Laurel Highlands. Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), the Magistrate Judge screened the amended complaint and recommended dismissal for failure to state a claim on which relief could be granted. The District Court, over Robinson's objections, adopted the Magistrate Judge's Report and dismissed the amended complaint with prejudice. Robinson timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a sua sponte dismissal of a complaint under §§ 1915(e)(2)(B) and 1915A(a). See Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020). To avoid dismissal, "a complaint

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Talley v. Wetzel, 15 F.4th 275, 286 n.7 (3d Cir. 2021) (citation and quotation marks omitted). We may affirm a district court's judgment on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We largely agree with the District Court's ruling. First, we agree with the District Court's dismissal of Robinson's Equal Protection claims and claims based on racial and religious discrimination inasmuch as Robinson failed to allege any facts suggesting that he was being treated differently from any other prisoner, see City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985), or that his treatment was motivated by a discriminatory purpose. We additionally agree with the District Court's conclusion that Robinson did not adequately plead a First Amendment Claim with respect to his misconduct issued for using "abusive, obscene, and inappropriate language," ECF No. 10 at 4, either as a claim relating to his right to make the statement he admits to having made or as a claim of retaliation, and have little to add to the Magistrate Judge's analysis, as adopted by the District Court. See Shaw v. Murphy, 532 U.S. 223, 229 (2001); Cowans v. Warren, 150 F.3d 910, 912 (8th Cir. 1998).

Related to Robinson's First, Fourth, Eighth, and Fourteenth Amendment claims regarding the pat-down searches, Robinson alleged that after he exited the prison kitchen, where he worked, defendant Palco, a dietary staff member, patted him down and "roughly fondled" his buttocks while defendants Bian and Kent looked on, grinning.

Robinson further alleged that, after he filed a Prison Rape Elimination Act ("PREA") complaint against Palco related to this incident, defendant Hixson, another dietary staff member, retaliated against him by subjecting him to fondling during a subsequent pat-down search. Then, after Robinson filed a PREA complaint against Hixson because of that incident, defendant Kawchuk retaliated against him for filing the PREA complaints by verbally harassing him and running her finger underneath Robinson's waistband while searching him after he left the kitchen. When the PREA complaints filed against both Palco and Hixson were determined to be unfounded, Robinson was issued two separate misconducts for having filed the complaints; each misconduct charged sexual harassment, lying to an employee, and disobeying a direct order. See ECF No. 10-11; 10-12; 10-16; 10-17. He was found guilty and was sanctioned with a 30-day cell restriction and removal from his work detail in relation to this complaint against Palco, and with a 30-day cell restriction and 90 days of limited commissary as to his PREA complaint against Hixson.

The District Court properly dismissed Robinson's claim that the searches by Palco and Hixson violated the Fourth Amendment's prohibition on unreasonable searches. Corrections officials have wide latitude to "devise reasonable search policies to detect and deter the possession of contraband in their facilities." Florence v. Bd. of Chosen Freeholders, 566 U.S. 318, 328 (2012). Thus, although prisoners retain Fourth Amendment rights, they are limited to "accommodate a myriad of institutional needs and objectives of prison facilities." Parkell v. Danberg, 833 F.3d 313, 325 (3d Cir. 2016).

4

When he was searched, Robinson was leaving an area of the prison where prisoners on work detail have access to knives and other contraband. Given that the amended complaint describes minimally invasive searches conducted over clothing in furtherance of the legitimate penological interest of detecting contraband, Robinson has failed to plead facts alleging that the pat-down search of his person was unreasonable. See id. at 326 (holding that inmate search policies are constitutional if they strike "a reasonable balance between inmate privacy and the needs of the institutions") (quoting Florence, 566 U.S. at 339).

As to his cruel and unusual punishment claim, sexual conduct by prison officials directed at inmates is, for Eighth Amendment purposes, assessed per the test articulated in Ricks v. Shover, 891 F.3d 468, 475 (3d Cir. 2018), which comprises subjective and objective components. "Regarding the subjective prong, we consider whether the official had a legitimate penological purpose or if he or she acted 'maliciously and sadistically for the very purpose of causing harm.'" Id. While we have identified "sexualized fondling" as objectively serious sexual contact, Ricks, 891 F.3d at 478, Palco and Hixson each had a legitimate penological interest in conducting a pat-down search of Robinson as he left the kitchen. See Crawford v. Cuomo, 796 F.3d 252, 257 (2d Cir. 2015). And Robinson has not pleaded any fact suggesting that either Palco or Hixson acted with the intent to humiliate him or gratify a sexual desire. See Ricks, 891 F.3d at 476. The District Court's dismissal of the Eighth Amendment claim was accordingly proper.[1] Because

---

[1] Robinson's Fourteenth Amendment Due Process was likewise properly dismissed

Robinson failed to state a claim based on the pat-down searches, his "failure to intervene" claims against defendants Bian, Kent, Hainsworth, Seanor, Grove, Tsikala, and Wetzel were also properly dismissed.

We further agree with the District Court's dismissal of Robinson's civil conspiracy claim, which is insufficient because he has not pleaded facts supporting that the defendants were "motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus" in allegedly depriving him of his rights. United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott, 463 U.S. 825, 833 (1983). His obstruction of justice claim was also properly dismissed because there is no civil cause of action for obstruction of justice under federal or Pennsylvania state law. See Pelagatti v. Cohen, 536 A.2d 1337, 1342 (Pa. Super. Ct. 1987).

Regarding each of his retaliation claims, Robinson needed to allege that "(1) his conduct was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to discipline him." Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016). The District Court correctly held that many of Robinson's allegations

---

because his claims concerning the pat-down searches are appropriately considered under the Fourth and Eighth Amendments, and "when government behavior is governed by a specific constitutional amendment, due process analysis is inappropriate." Berg v. Cnty. of Allegheny, 219 F.3d 261, 268 (3d Cir. 2000); see Doe v. Groody, 361 F.3d 232, 238 n.3 (3d Cir. 2004). To the extent that Robinson alleged that he was deprived of due process in the adjudication of the misconduct charges, the claim was correctly dismissed because the claim does not implicate a liberty interest. See Sandin v. Conner, 515 U.S. 472, 484 (1995).

failed to state a claim of retaliation. First, he provided no facts from which it could be inferred that Hixson's pat-down search was motivated by Robinson's PREA complaint against Palco, or that Kawchuk's search or Robinson's transfer to another facility was motivated by the various grievances that he filed.

We disagree, however, with the District Court's ruling with respect to Robinson's retaliation claims based on the misconducts and sanctions issued against him as a result of his PREA complaints. In dismissing those claims, the District Court adopted the Magistrate Judge's conclusion that Robinson failed to allege "adverse action" for the purpose of stating a retaliation claim. That conclusion was in error, as Robinson alleged that defendant Seanor issued him two Class 1 misconducts, each of which posed the risk significant sanctions. See Watson, 834 F.3d at 423 (concluding that a prisoner "clearly suffered an adverse consequence when [an official] charged him with a Class 1 misconduct"). Further, those misconducts resulted in sanctions "sufficient to deter the exercise of First Amendment rights." Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017) (holding that the termination of prison employment constitutes adverse action for retaliation purposes); see Hart v. Hairston, 343 F.3d 762, 764 (5th Cir. 2003) (holding that 27-day cell and commissary restrictions constituted adverse action). The misconducts, as well as the resulting sanctions, were explicitly issued in response to Robinson's filing of PREA complaints, which we have concluded "implicates conduct protected by the First Amendment." Mitchell v. Horn, 318 F.3d 523, 531 (3d Cir. 2003). We therefore conclude that the amended complaint sufficiently stated claims for

7

retaliation based on the misconducts that Seanor issued to Robinson because he filed PREA complaints and on the sanctions that Wiggins imposed after finding Robinson guilty of those misconduct charges.[2] The defendants may be able to show that the filing of the PREA complaints was not protected action, if, for instance, the complaints were false or filed merely to harass. The defendants may, alternatively, be able to rebut these retaliation claims by showing that they "would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser v. Horn, 241 F.3d 330, 334 (3d Cir. 2001). However, it is not possible to determine either of those possible defenses based on the complaint and the attached documents alone.

Accordingly, we will vacate the District Court's judgment to the extent that it dismissed Robinson's retaliation claims against Seanor and Wiggins relating to the misconducts issued and resulting sanctions imposed based on allegations made in his PREA complaints against Palco and Hixson. We will affirm the District Court's judgment in all other respects. This matter is remanded for further proceedings consistent with this opinion.

---

[2] While we agree with the District Court that Robinson failed to state a claim under the Fourth or Eighth Amendments, we note that prison officials may not bring a disciplinary action against an inmate simply for filing a grievance that is determined to be without merit. See Cowans, 150 F.3d at 911. Liberally construing Robinson's complaint, as we must, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and allowing all inferences in his favor, see George v. Rehiel, 738 F.3d 562, 571 (3d Cir. 2013), Robinson alleges that he was disciplined for bringing a good-faith PREA complaint. We do not suggest, however, that prison officials are prohibited from sanctioning inmates for clear and overt" violations of prison rules. See Watson, 834 F.3d at 426.

8